CLAYTON BRISTOL *v.* WINIFRED M. BRUNDAGE
(9004)

DUPONT, C. J., SPALLONE and O'CONNELL, Js.

Argued December 3, 1990—decision released March 28, 1991

*David S. Grossman,* with whom, on the brief, was *Celia Edwards,* for the appellant (plaintiff).

*Amy D. Schuchat,* for the appellee (defendant).

*Thomas F. Hogan,* for the minor child.

DUPONT, C. J. The sole issue of this appeal is whether a Court of Probate or a trial court has the power to appoint, as guardian of a minor child, a person other than the person designated in the will of the child's sole surviving parent, in the absence of evidence that the testamentary guardian would not be a suitable guardian.

Candace Keeler died testate, leaving a minor son. The will named the plaintiff, her brother, Clayton Bristol, as the guardian of the person and of the estate of her son. The Probate Court of Torrington appointed Bristol and the defendant, Winifred Brundage, the child's

grandmother, as coguardians of the person of the child. The court established a schedule of visitation and residency for the child with the two guardians. The plaintiff appealed from the Probate Court decree to the Superior Court, claiming that the Probate Court had exceeded its authority as granted by General Statutes § 45-51 (now § 45a-596)[1] when it appointed Brundage as a coguardian of the person of the minor child.

The trial court construed the statute as allowing the appointment by the Probate Court of persons other than the guardian named in the will, finding that the language of the statute directs, but does not mandate, that the guardian named by the deceased parent be appointed as the guardian of the orphaned child. The trial court dismissed the appeal without any discussion or finding as to the qualifications of the particular guardians or the best interests of the child.

General Statutes § 45a-596 provides in relevant part that "[t]he surviving parent of any minor may by will appoint a person or persons who shall be guardian or coguardians of the person of such minor, a guardian or coguardians of the estate or both."

The plaintiff claims that the trial court (1) should have followed the wishes of the decedent, (2) had no power to appoint a guardian other than the testamentary guardian unless there was clear and compelling evidence that the testamentary guardian should not be selected, (3) was incorrect in its interpretation of General Statutes § 45a-596 (a), and (4) should have made an independent determination of guardianship.

The first three of the plaintiff's claims are really one claim, namely, that neither the Probate Court nor the

---

[1] In 1991, General Statutes § 45-51 was transferred to § 45a-596 with no change in the language of the section. In this opinion, the new statutory section number will be used.

trial court has any latitude to ignore the testamentary appointment of a guardian for a minor child by a sole parent without proof that the appointment would be detrimental to the child.

The only evidence introduced by the plaintiff in the trial court was the will executed by Keeler. The defendant introduced the testimony of Thomas J. Wall, the guardian ad litem appointed for the child, that the best interests of the child were to continue the joint guardianship established by the Probate Court.

Although some sections of chapter 802h of the General Statutes, §§ 45a-593 through 45a-638, have been judicially construed, § 45a-596 (a) has not. No sections of the chapter other than § 45a-596 (a) involve testamentary directives. Section 45a-606 provides that upon the death of either parent, the other parent shall become the sole guardian of any minor children. Another statute, § 46b-56b, provides that in any custody dispute pitting parent against nonparent, there is a presumption that it is in the best interest of the child that custody be awarded to the parent, which presumption may be rebutted. This statute was enacted to counteract the holding of *McGaffin* v. *Roberts*, 193 Conn. 393, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985), which held that § 45-43 (now § 45a-606) did not create a presumption that a surviving parent is entitled to preference in a custody dispute.[2]

---

[2] In *any* custody dispute involving a parent and a nonparent, General Statutes § 46b-56b creates a rebuttable presumption, favoring the parent, that it is in the best interest of the minor child to be in the custody of the parent. General Statutes § 45a-606 provides that if one parent dies, then the sole surviving parent shall become the sole guardian of the minor child. When a custody dispute arises between that sole surviving parent and a nonparent, § 46b-56b gives the sole surviving parent the benefit of its rebuttable presumption.

In this case, guardianship is not in dispute between a parent and another, but between a person chosen by a parent and another. The statute, § 45a-596 (a), is based on the premise that the parent is in the best position to determine what is in the best interests of his or her child. It is the parent who knows most about the needs of the child and the ability of the named guardian to satisfy those needs. The purpose of the statute is to take account of the special knowledge of surviving parents as to the best interests of their children. The purpose of § 45a-596 (a) is best served by affording to the testamentary choice of the surviving parent a presumption similar to that of § 46b-56b.[3]

We hold that § 45a-596 (a) should be interpreted as mandating the appointment of the sole surviving parent's testamentary choice of a guardian because it should be presumed that the best interests of the child are served by that appointment. This presumption, like that of § 46b-56b, may be rebutted only by a showing that it would be detrimental to the child to permit the named testamentary guardian to serve as such. Here, there was no such showing in the trial court. Unless the presumption is challenged by the introduction of rebuttal evidence, § 45a-596 (a) is not one of the sections of the chapter to be construed in terms of the best interests of the minor child. General Statutes § 45a-605 (a).

The Probate Court determined not that the plaintiff was unfit to be the child's guardian but that he should share the guardianship with another, and the trial court

---

[3] General Statutes § 46b-56b establishes a presumption created by the legislature. Not all presumptions are legislative. Some presumptions are accorded by the courts and are grounded on general experience, probability, or policy or convenience. See *Vincent* v. *Mutual Reserve Fund Life Assn.*, 77 Conn. 281, 288, 58 A. 963 (1904); *Booth* v. *Booth*, 7 Conn. 350, 367 (1829); *Anderson* v. *Litchfield,* 4 Conn. App. 24, 28, 492 A.2d 210 (1985).

upheld that determination. The trial court heard evidence, not that the plaintiff was unfit, but that the child's best interests were advanced by a shared guardianship. As a matter of law, such a conclusion cannot stand. The plaintiff should have had an initial advantage over all other potential guardians because he was named in the will as the guardian. See *Evans* v. *Santoro,* 6 Conn. App. 707, 711 n.3, 507 A.2d 1007 (1986). Phrased differently, the plaintiff should have had the benefit of a presumption that he should be named the sole guardian of the child. It was the burden of the defendant to put the presumed fact, namely, that it was in the best interests of the child to have the plaintiff be the sole guardian, into issue by introducing evidence to the contrary. Id. The defendant introduced no such evidence. The trial court should, therefore, have sustained the appeal because the plaintiff should have been appointed the sole guardian.

The ordinary meaning of the words of § 45a-596 (a) is that a surviving parent may choose by testamentary appointment a guardian for his or her minor child who must be appointed as guardian. The statute would have no purpose if the appointment by the surviving parent could be ignored without a reason.

The last claim of the plaintiff is that the trial court should have made an independent determination of guardianship. In an appeal from probate, the trial court exercises the right to make an independent and de novo determination of the issue involved, without regard to the result reached by the Probate Court. *Prince* v. *Sheffield,* 158 Conn. 286, 259 A.2d 621 (1969). Here, the independent determination could lead to no other conclusion than that the appointment of the plaintiff as sole guardian was mandated as a matter of law because the trial court had no evidence before it that the plaintiff was not a fit guardian.

Were it not for the death of the plaintiff just prior to the release of this opinion,[4] the case would be remanded to the trial court with direction to sustain the appeal. Although no practical relief can be awarded to the plaintiff, there still exists an actual controversy over the guardianship of the minor child. See *In re Noel M.*, 23 Conn. App. 410, 413, 580 A.2d 996 (1990). We therefore remand this case to the trial court for further proceedings in light of our determination that the defendant should not have been appointed as coguardian. See General Statutes § 45a-616.

In order to protect the primary interest of the child in a continuous, stable custodial placement, physical custody of the child shall remain with the defendant until further proceedings have been concluded. *O'Neill v. O'Neill*, 13 Conn. App. 300, 314–15, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988).

The judgment dismissing the appeal from probate is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[4] This court was notified on March 13, 1991, that the plaintiff had died.