[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is brought pursuant to General Statutes 45a-186
to appeal an order of the Probate Court for the District of Greenwich granting admission of the will of Edythe B. Ryan, deceased, to probate. In a memorandum of decision dated November 3, 1992, the Probate Court found that the appellant, Estelle Dietz, lacked standing to participate in the proceedings and to object to the probate of the will. According to the Probate Court's decree, CT Page 4727 Edythe B. Ryan died on May 27, 1992, leaving a will executed that same day. The will bequeathed all of the decedent's property to a niece, nephew, and grandnephew in Poland, and specifically excluded the decedent's first cousin, the appellant, Estelle Dietz. On November 3, 1992, the will was admitted to probate.
On November 19, 1992, the appellant moved to appeal the probate order to the Superior Court under General Statutes 45a-186, and the Probate Court granted her permission. The appellant alleges that the appellee, Irene Buynoski, the executrix of the estate, misled the decedent to think that she had a sister in Poland, and exercised undue influence upon the decedent to name as beneficiaries the son, daughter, and grandson of the alleged sister. The appellant further alleges that the will contains procedural deficiencies and that the decedent lacked testamentary capacity at the time of its execution. The appellant requests that the will be denied probate.
On January 21, 1993, the appellee Buynoski filed a motion to dismiss (#103) on the grounds that Estelle Dietz lacks standing to appeal the Probate Court's decree. In support of her motion, the appellee submitted copies of the following: the will at issue, dated May 27, 1993; the decree granting of the will; the Probate Court's memorandum of decision which found that the plaintiff lacked standing to object to the probate of the will; the plaintiff's motion to appeal from probate; and the plaintiff's reasons of appeal of the decree. In support of her opposition, the appellant submitted her affidavit stating that the beneficiaries are not relatives of the decedent.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 625 n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone. (Citations omitted.)" Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). The complaint is construed most favorably to the nonmovant. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
A motion to dismiss may be asserted for lack of jurisdiction over the subject matter. Zizka v. Water Pollution Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). "Standing goes to subject matter jurisdiction;" Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 208 (1987); so it is properly challenged by a motion to dismiss. CT Page 4728
The appellee claims that the court should grant her motion to dismiss because the appellant lacks standing to appeal the court's decree. The appellee argues that the beneficiaries of the will are closer in degree of kin than first cousins under General Statutes 45a-439a, so the appellant, a first cousin, is not an intestate heir and would not receive anything whether or not the will is denied probate. The appellant argues that the beneficiaries of the will are not relatives of the decedent, and that she is the sole intestate heir if the will is denied probate. The appellant further argues that despite the Probate Court's finding that the beneficiaries, absent a will, would be the decedent's intestate heirs, an appeal from probate is a trial de novo under General Statutes 45a-186.
"Standing is the legal right to set the judicial machinery in motion." Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764, 770,594 A.2d 468 (1991). General Statutes 45a-186 provides that "any person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court." "The concept of standing, as presented by the question of aggrievement, `is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court' (citations omitted.)" Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 516, 429 A.2d 967
(1980). "[T]he existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected." Id. (Citations and internal quotations omitted.)
"In an appeal from probate, the trial court exercises the right to make an independent and de novo determination of the issues involved . . ." Briston v. Brundage, 24 Conn. App. 402, 407,589 A.2d 1 (1991). "[U]pon consideration of all the evidence the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition . . ." Kerin v. Stangle, 209 Conn. 260, 264, 550 A.2d 1069
(1988).
Whether the plaintiff is an aggrieved party depends upon whether she is an intestate heir because if the will is denied probate, intestate heirs would inherit the estate. The possibility that the beneficiaries are not relatives and that the plaintiff is the sole intestate heir is enough to give the appellant standing. CT Page 4729 A "possibility", rather than a "certainty", that the appellant's "legally protected interest" will be adversely affected by the will's admission to probate is all that is required for standing to appeal. See Merrimac Associates, Inc. v. DiSesa, supra, 516.
Since an appeal from a probate order is heard in the Superior Court as a trial de novo, the court may find on appeal that the appellant is the sole intestate heir. This possibility gives her standing to appeal the Probate Court's decree. Accordingly, the appellee's motion to dismiss the appeal is denied.
So Ordered.
Dated at Stamford, Connecticut this 12th day of May, 1993.
WILLIAM BURKE LEWIS, JUDGE