[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decree of the Probate Court of Westport. A motion (#114) to dismiss for lack of subject matter jurisdiction has been filed by the defendant. The plaintiffs are Anthony Steigerwald, of San Diego, and Richard M. Kipperman, also of San Diego, as Chapter 7 trustee in bankruptcy for Anthony Steigerwald, and Seymour Reis, of Pompano Beach, Florida. The defendant is Richard J. Diviney, of Westport, as administrator C.T.A. of the estate of Christopher M. Nadler, deceased.
The plaintiffs allege in their reasons of appeal that they filed a claim with the defendant administrator based on an Illinois judgment against the decedent for $11,000,000; that the defendant denied the claim; and that they appealed to the Westport Probate Court, which approved the defendant's decision denying the claim, and also refused plaintiffs' request to amend their claim against the estate.
As gleaned from the complaint, memorandum of decision of the Probate Court, and the memoranda of law filed in connection with the defendant's motion to dismiss, it appears that the following events occurred on the dates indicated. CT Page 10515
July 12, 1991: Christopher M. Nadler dies, a resident of Weston.
July 22, 1991: Probate Court appoints defendant as temporary administrator C.T.A., and thereafter as permanent administrator, and the defendant files an inventory of the decedent's estate indicating assets in the approximate amount of $1,000,000, and debts of over $2,500,000.
September 9, 1991: Defendant files petition for determination of insolvency. General Statutes § 45a-377.
October 4, 1991: Probate Court determines that Nadler's estate is insolvent. General Statutes § 45a-376.
December 20, 1991: Plaintiffs obtain judgment against Nadler Estate in Illinois for $11,000,000.
January 23, 1992: Plaintiffs Steigerwald and Reis file claims against decedent's estate, based on the Illinois judgment.
March 1, 1992: Last date set by Probate Court to file claims against decedent's estate.
March 4, 1992: Defendant moves in Illinois to vacate judgment against Nadler Estate pursuant to General Statutes § 45a-382, which provides that if a judgment has not yet been rendered against a fiduciary who is settling an insolvent estate, "any pending suit shall abate and the creditor shall submit his claim to the fiduciary . . . ."
April 30, 1992: Illinois judgment vacated.
November 20, 1992: Plaintiffs seek permission from the Probate Court to amend their claim against the estate to present the underlying claim which supported the vacated Illinois judgment.
December 30, 1992: Hearing held before Probate Court.
January 21, 1993: Kipperman, trustee, claims he first learned of Steigerwald's claim against the Nadler Estate.
February 26, 1993: Kipperman, trustee, moves in the Probate Court to be substituted as a claimant in place of Steigerwald. CT Page 10516
May 13, 1993: Probate Court approves defendant's denial of plaintiffs' claims and also denies the request of the plaintiffs to amend their claims against the estate. The Probate Court does not rule on Kipperman's motion to be substituted as a claimant.
August 9, 1993. Defendant formally denies the claims filed by plaintiffs against the estate.
The defendant's motion to dismiss is based on the contention that the plaintiffs lack standing to pursue this appeal from probate. Once a motion to dismiss challenging subject matter jurisdiction of the court is filed, all activity must cease, and the motion must be addressed. Gurliacci v. Mayer, 218 Conn. 531,545, 590 A.2d 914 (1991) ("It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court"). In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983). "`[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court.'" (Citation omitted.) Upson v. State, 190 Conn. 622, 625 n. 4, 461 A.2d 991
(1983). A motion to dismiss may be asserted for lack of jurisdiction over the subject matter. Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985).
"If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." Tomlinson v.Board of Education, 226 Conn. 704, 717, 629 A.2d 333 (1993); see also Monroe v. Horwitch, 215 Conn. 469, 473, 576 A.2d 1280
(1990). "`When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded.'" (Citations omitted.)Connecticut Assn. of Boards of Education, Inc. v. Shedd,197 Conn. 554, 558, 449 A.2d 797 (1985). "One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of the action, or a legal or equitable right, title or interest in the subject matter of the controversy." The InvestorsMortgage Co. v. Rodia, 31 Conn. App. 476, 479, 625 A.2d 823
(1993).
The defendant's motion to dismiss asserts that the trustee in CT Page 10517 bankruptcy, Kipperman, never filed a claim against the decedent's estate; that Steigerwald, who had declared bankruptcy, did not have the personal right to file a claim, and also that the claim against the estate was not contained in a schedule of Steigerwald's assets, which was filed in connection with his petition for bankruptcy; and that Reis, who also declared bankruptcy had no right to file a claim for the same reason, and that his trustee did not file a claim against the estate.
The plaintiffs, in opposing the motion to dismiss, contend that their claim against the estate, when filed, was timely and valid; that the defendant moved to dismiss their Illinois judgment three days after the claim period had expired; and that both plaintiffs have an interest in this appeal because of their alleged claims against the estate.
"General Statutes § 45a-186 provides that `any person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court.' `The concept of standing, as presented by the question of aggrievement, is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the probate court' . . . `[T]he existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected.'" (Citation omitted; internal quotation marks omitted.) Ryan v. Probate Appeal, 8 CSCR 601 (May 12, 1993, Lewis, J.).
Kipperman, as trustee in bankruptcy, has a "legally protected interest" that has been adversely affected by the decision denying Steigerwald's claim, as the trustee's obligation is to collect all the debtor's assets for the benefit of the latter's creditors. Steigerwald and Reis also possess such legally protected interests since, if they were to recover a sufficient amount from the decedent's estate, they possibly could discharge all their debts and reap the benefit of the balance. Moreover, "`[S]ubject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . . . That determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction.'" Savoy Laundry, Inc. v.Stratford, 32 Conn. App. 636, 639, 630 A.2d 159 (1993). CT Page 10518
For the above reasons, the defendant administrator's motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 14th of October, 1994.
William B. Lewis, Judge