GREENMAN'S TRUCKING, INC. *v.* DEPARTMENT
OF REVENUE SERVICES
(3582)

HULL, DALY and BIELUCH, Js.

Argued November 15, 1985—decision released February 18, 1986

*Jackson T. King, Jr.,* with whom, on the brief, was *Mary E. Holzworth,* for the appellant (plaintiff).

*Jane D. Comerford,* assistant attorney general, with whom were *Frederick P. Clark,* tax attorney, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

DALY, J. The plaintiff has appealed from the dismissal by the court of an action brought pursuant to General Statutes § 12-422 appealing the defendant's assessment of a deficiency against the plaintiff[1] for unpaid sales taxes not collected on the sale of sand and gravel delivered to purchasers.

The appeal from the decision of the defendant was returnable to the Superior Court for the judicial district of New London. The defendant moved to dismiss the appeal for lack of subject matter jurisdiction for its failure to meet the venue requirements of § 12-422.[2] The court denied the motion, but transferred the appeal

---

[1] The transcript reveals that the parties agreed to treat this matter as a trial de novo under General Statutes § 12-422: "Such appeals shall be preferred cases, to be heard . . . by the court or by a committee appointed by it. Said court may grant such relief as may be equitable . . . ."

[2] General Statutes § 12-422 provides in pertinent part: "Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services under section 12-418, 12-421 or 12-425 may, within one month after service upon the taxpayer of notice

to the judicial district of Hartford-New Britain. A second motion to dismiss the appeal based on the same jurisdictional ground as before was then denied by the trial court. The appeal thereafter went to hearing.

After trial on a stipulation of facts, the deficiency assessment was upheld and the appeal dismissed. The plaintiff then appealed to this court. No counterstatement of preliminary issues was filed by the defendant pursuant to Practice Book § 3012 (a) concerning the jurisdictional claim raised by its motions to dismiss.[3]

The plaintiff, Greenman's Trucking, Inc., is engaged in the business of, among other things, selling and transporting sand and gravel. The defendant assessed a deficiency of $46,195.09 against the plaintiff for the audit period of January 1, 1975 through May 31, 1976, for the collection of unpaid sales taxes on invoices for the sale of sand and gravel in which transportation charges were not itemized or separately stated. Sales taxes shown on the invoices, collected and paid, were computed on the undesignated portion of the invoices allocable, on the company's internal records, to the charges for sand and gravel. This method of billing and collecting sales taxes was stipulated to the court by the parties. Further evidence was adduced at the trial establishing that quotations given to buyers stated the cost of the material being purchased separately from the delivery charges.

of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain . . . ."

[3] Notwithstanding the defendant's default in failing to preserve for our consideration its prior jurisdictional claim, it has briefed this counterissue. While we ordinarily will discuss subject matter jurisdiction even belatedly raised, suffice it to say that here General Statutes § 51-351, which became effective on July 1, 1978, permits the transfer of venue in administrative appeals in its provision that "[n]o cause shall fail on the ground that it has been made returnable to an improper location." *Sprague* v. *Commission on Human Rights & Opportunities,* 3 Conn. App. 484, 486–87, 489 A.2d 1064 (1985).

The trial court found for the defendant, holding that the plaintiff failed to prove that the transportation charges were separately stated and incurred after the sale of the sand and gravel. The plaintiff claims on appeal that the trial court incorrectly concluded, within the meaning of General Statutes § 12-407 (8) and (9), that the transportation charges were not "separately stated" and, therefore, were properly includable in the plaintiff's gross receipts, and that the plaintiff failed to establish that the transportation charges were incurred subsequent to the "sale" of the materials. We find no error.

Section 12-407 (8) provides in pertinent part: " 'Sales price' means the total amount for which tangible personal property is sold . . . without any deduction on account of any of the following: . . . (c) *the cost of transportation of the property prior to its purchase.* . . . 'Sales price' does not include any of the following: . . . (d) *transportation charges separately stated, if the transportation occurs after the purchase of the property is made . . . . "* (Emphasis added.) Section 12-407 (9) provides in pertinent part: " 'Gross receipts' means the total amount of the sales price . . . without any deduction on account of any of the following: . . . (c) *the cost of transportation of the property prior to its sale to the purchaser.* . . . 'Gross receipts' do not include any of the following: . . . (d) *transportation charges separately stated, if the transportation occurs after the sale of the property is made to the purchaser . . . . "* (Emphasis added.) These two sections are interrelated, covering the two aspects of a sale necessary for the purpose of collecting sales taxes at the source and making payment to the defendant at the end of the transaction.

The court found that the transportation charges were not separately stated on the invoices given to the customers and, furthermore, that the plaintiff failed

to sustain its burden of proving that the transportation occurred after the sale of the sand and gravel to the purchaser. The factual stipulation and exhibits attached, as well as the testimony given, amply support the conclusions of the court. The internal bookkeeping of accounts separating charges for materials and transportation do not control over the statutory definitions of taxable "sales price" and "gross receipts" for sales tax payments to the defendant.

There is no error.

In this opinion the other judges concurred.