SMEDLEY CRANE SERVICE, INC. *v.* ALAN A. CRYSTAL,
COMMISSIONER OF REVENUE SERVICES*

SUPERIOR COURT                                    FILE NO. 392896
                        TAX SESSION

---

* Historians may wish to note that this is the first opinion filed by the Tax Session of the Superior Court.

Memorandum filed November 8, 1993

*Robert Percy,* for the plaintiff.

*Richard Greenberg,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the defendant.

BLUE, J. This is a case in which the commissioner of revenue services (commissioner) has found a sizable deficiency because of an asserted invoice defect that turns out not, in fact, to be fatal. The taxpayer has duly appealed to this court. After conducting a hearing de novo, I find that, under the controlling statute, the taxpayer must prevail.

Smedley Crane Service, Inc. (Smedley), the taxpayer, leases cranes to contractors. The cranes are leased both with and without crews. Each crane, when used, has a crew of two persons, an operator who runs the crane and an oiler who maintains it. There are separate charges for the crane and the crew, and both charges are fairly standard. (The labor is exclusively union.) The problem in this case has arisen because of the different sales tax consequences of the lease of the equipment and the lease of the crew.

General Statutes § 12-407 (2) (j) defines "sale" as including "the leasing or rental of tangible personal property of any kind whatsoever, including but not limited to, motor vehicles, linen or towels, machinery or apparatus, office equipment and data processing equipment." Section 12-407 (13) defines "tangible per-

sonal property" as "personal property which may be seen, weighed, measured, felt or touched or which is in any other manner perceptible to the senses." A crane obviously meets this description. A crane crew, just as obviously, does not, since human beings are not "personal property" in the first place. Human beings can, of course, provide a service. In Connecticut, as in most states, however, a service is taxable only if it is specified in the taxing statute. See 2 J. Hellerstein & W. Hellerstein, State Taxation (1992) ¶12.05. Section 12-407 (2) (i) (C) does tax "services by employment agencies and agencies providing personnel services," but the commissioner does not contend that Smedley's crane crews fall within the ambit of this provision. In fact, putting to one side his reliance on the invoice provision of the regulation about to be discussed, the commissioner does not contend that the crane crews are statutorily taxable at all. Consequently, as far as the statute is concerned, a lease of the crane is taxable, and a lease of the crew is not.

The tax on the leasing of tangible personal property was enacted in 1975. Public Acts 1975, No. 75-213, § 15. In 1980, the commissioner promulgated a regulation concerning the leasing of tangible personal property. One sentence of that regulation is in dispute here: "Gross receipts do not include the amount charged for the operator where the lessor supplies an operator for the leased property if the amount charged is for the compensation of the operator, is reasonable and is segregated in the invoice." Regs., Conn. State Agencies § 12-426-25 (d). The question, as the commissioner sees it, is whether Smedley's invoices meet this requirement.

If the commissioner has correctly identified the question, the commissioner must prevail. The parties have stipulated that two invoices are "representative" of

the invoices in question. One invoice, involving the rental of a twenty ton crane, is as follows:

Rental - 20 ton crane
| | |
|---|---:|
| 6 hrs. crane w/operator @125.00 hr. (overtime) | 750.00 |
| 2 hrs. operator only @85.00 hr. | 170.00 |
| Ct. state tax | 20.25 |
| | $940.25 |

A second, slightly more complicated, invoice is as follows:

Rental - 50 ton crane w/crew
| | | |
|---|---|---:|
| 2/1 | 8 hrs. crane w/crew | 1000.00 |
| 2/2 | 8 hrs. 35 ton crane w/crew | 850.00 |
| 2/3 | 8 hrs. 35 ton crane w/crew | 850.00 |
| 2/4 | 4 hrs. crew only @95.00/hr. | 380.00 |
| 2/5 | 8 hrs. ton crane w/crew | 850.00 |
| | Ct. state tax | 50.40 |
| | | $3980.40 |

As the commissioner points out, neither invoice "segregates" the amount charged for the operator. That, in his view, is the end of the case. This is because the regulation allows no proof of compliance with the statute other than a "segregated" invoice. Essentially, the regulation turns the absence of this particular form of proof into a conclusive presumption against the taxpayer. Put another way, the regulation redefines what is taxable and what is not.

Is the regulation, thus applied, valid? In answering this question it is useful to consult other portions of § 12-407. The legislature has elsewhere in § 12-407 used language like that found in the regulation in question here to affirmatively require the separate stating of certain invoice amounts. See § 12-407 (8) (d) ("sales price" does not include "transportation charges separately stated"); § 12-407 (9) (d) ("gross receipts" do not

include "transportation charges separately stated"). This statutory language is, the Supreme Court has held, "definitional in nature, and serves to determine whether certain charges are taxable, not whether certain charges that are ordinarily taxable should be exempt from taxation as a matter of legislative grace." *Plasticrete Block & Supply Corp.* v. *Commissioner,* 216 Conn. 17, 26, 579 A.2d 20 (1990); accord *Greenman's Trucking, Inc.* v. *Dept. of Revenue Services,* 6 Conn. App. 261, 264–65, 504 A.2d 568 (1986).

The legislature, however, chose not to use such language in § 12-407 (2) (j). In this latter provision, the legislature has simply chosen to tax the leasing of tangible personal property but not the leasing of equipment operators. Whether the taxpayer has correctly paid this tax is an issue of fact requiring proof. "The vice of the regulation . . . is that it assumes to convert what in the view of the statute is a question of fact requiring proof into a conclusive presumption which dispenses with proof and precludes dispute. This is beyond administrative power." *Miller* v. *United States,* 294 U.S. 435, 440, 55 S. Ct. 440, 79 L. Ed. 977 (1935).

A tax appeal is an appeal de novo. *Kimberly-Clark Corp.* v. *Dubno,* 204 Conn. 137, 144–45, 527 A.2d 679 (1987). At the trial de novo in the present case, Smedley officials credibly testified, without contradiction, that, ever since the taxing statute was originally enacted in 1975, they have consistently charged the state sales tax on leases of cranes but not on leases of crews. This is exactly what the statute requires, and I find as a fact that Smedley has complied with the statute.

The testimony of the Smedley officials on this point is strongly corroborated by the invoices themselves. The invoices plainly show both that crews were leased

as well as cranes and that the Connecticut sales tax was actually paid. In fact, while Smedley's invoices are not in full compliance with the regulation in question, their deviation from the regulation's "segregation" requirement is relatively slight. Anyone with a grasp of middle school algebra can easily calculate the amount charged for the equipment rental on any given invoice by extrapolating that amount from the tax imposed. One may then calculate the amount charged for the crew simply by subtracting the amount charged for the equipment from the amount charged for the equipment plus the crew. In other words, if one knows the tax rate and has a rudimentary command of algebra, the information necessary to determine the amount charged for the crew is indeed contained in the invoices in question.

Smedley has established by uncontradicted, credible evidence submitted at the hearing de novo that it faithfully paid the correct amount of tax on the tangible personal property that it leased. It owes no tax on the lease of crews. Any other holding would give a wholly undeserved windfall to the state by taxing services that are not statutorily taxable. Smedley's appeal must, therefore, be sustained.