IGNATIUS SZABO ET AL. *v.* ANNA BEREGSZAZY, ADMINISTRATRIX (ESTATE OF MICHAEL J. SZABO) (4731)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued November 7—decision released December 23, 1986

*Nathan C. Nasser,* for the appellants (plaintiffs).

*J. Roger Shall,* for the appellee (defendant).

PER CURIAM. In this case, the plaintiffs' appeal from the Probate Court was made returnable to the incorrect judicial district. The trial court granted the defendant's motion to dismiss the appeal because of improper venue.

The trial court, in granting the defendant's motion to dismiss, stated in its memorandum of decision that

probate appeals are purely statutory and are governed by General Statutes §§ 45-288[1] and 45-290.[2] Pursuant to these statutes, the court found that any defect in the form of an appeal, including improper venue, must be corrected by amendment within ninety days after the date of the probate action being appealed. The trial court held that General Statutes § 51-351,[3] which provides a remedy for causes filed at an improper location, did not apply to probate appeals. We disagree.

In *Sprague* v. *Commission on Human Rights & Opportunities,* 3 Conn. App. 484, 486, 489 A.2d 1064 (1985), we held that the term "cause" as used in § 51-351 includes administrative appeals as well as ordinary civil actions. Our analysis in *Sprague* is applicable to the present case, and we hold that "cause" in § 51-351 also applies to appeals from probate.

In its analysis, the trial court reasoned in part that the saving provision of General Statutes § 51-351 did not apply because General Statutes § 45-290 provided a procedure for curing defective probate appeals. How-

---

[1] General Statutes § 45-288 provides: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. Except in the case of an appeal by the state, such person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court. Appeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall not be a trial de novo."

[2] General Statutes § 45-290 provides: "In the event of any defect in the form of an appeal taken under the provisions of section 45-288 by any aggrieved person, such person may obtain from the court of probate an amendment to the appeal correcting the defect, provided the order for amendment is granted not later than ninety days after the date of the order, denial or decree of the court of probate from which the appeal was originally taken."

[3] General Statutes § 51-351 provides: "No cause shall fail on the ground that it has been made returnable to an improper location."

ever, the procedures for correcting defective appeals outlined in § 45-290 are general and apply to *any* defect in the form of an appeal. The procedure in § 51-351, on the other hand, is specific and is only concerned with saving "causes" returned to an improper location. Under accepted rules of statutory construction, provisions of special applicability take precedence over those of general applicability. *Patry* v. *Board of Trustees,* 190 Conn. 460, 468, 461 A.2d 443 (1983); *Budkofsky* v. *Commissioner of Motor Vehicles,* 177 Conn. 588, 592, 419 A.2d 333 (1979); *Meriden* v. *Board of Tax Review,* 161 Conn. 396, 401–402, 288 A.2d 435 (1971). Under the circumstances in this case, the applicability of the rule is evident. Whereas General Statutes § 45-290 applies generally to any defect of a probate appeal, § 51-351 applies specifically and only to causes returned to an improper location. Section 51-351, therefore, addressed the precise defect in this case and it was error for the court to conclude that the defect should have been corrected according to the more general provisions of § 45-290.

There is error, the judgment dismissing the plaintiffs' appeal is set aside and the case is remanded for further proceedings in accordance with law.