[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action brought by the Milford Health Director and Milford Building Official to enforce the health code and building-code. The action was brought to the Superior Court for the Ansonia/Milford Judicial District at Milford. The defendants claim that actions to enforce the codes must be brought to a geographical area courthouse and that the Judicial District of Ansonia/Milford lacks subject matter jurisdiction to hear the case. The plaintiffs contend that if a defect exists here that the only problem is venue, and that any defects of that nature have been waived by the defendants.
"Jurisdiction is the power in a court to hear and determine a cause of action presented to it. Jurisdiction must exist in three particulars: the subject matter of the case, the parties, and the process." Brown v. Cato,147 Conn. 418, 422; See also Castro v. Viera, 207 Conn. 420, 433. The Superior Court clearly has jurisdiction to hear this type of case. Section 51-349 (4) provides that matters involving state and local health and building code violations should be made returnable to the geographical area where the premises are located. While the defendants are correct that the action should have been brought to the courthouse for the geographical area which covered Milford at the time this action was commenced, that defect does not deprive the court of subject matter jurisdiction. Returning a civil action to the wrong court location in the superior court is a problem of improper venue, where the superior court has jurisdiction over the type of action involved. Section 144 of the Connecticut Practice Book provides that any claim of improper venue is waived if not raised by a motion to dismiss within the time period in section 142, which requires the filing of a motion to dismiss within thirty days after the moving party has filed an appearance in the action. The parties appeared in 1987 when the action was commenced, but the motion to dismiss was not filed until June 19, 1990. On that basis alone the defect is waived.
"It is a well established rule that, outside the area of administrative appeals, venue is not jurisdictional but a procedural question; consequently, venue, unlike subject matter jurisdiction, can be waived by the parties." State v. Kelley, 206 Conn. 323, 332.
Moreover, section 51-351 of the General Statutes provides that "no cause shall fail on the ground that it has been made returnable to an improper location." Where improper venue is established the remedy is to transfer the case to the proper location. In construing the statute the Appellate Court has held that improper venue is no longer grounds for CT Page 474 dismissing any actions, including administrative appeals. Sprague v. Commission on Human Rights Opportunities,3 Conn. App. 484, 486, 487, cert. denied 196 Conn. 804; Szabo v. Beregszazy, 9 Conn. App. 368, 370.
The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE