[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (No. 105)
The defendant brings this motion to dismiss this action on the basis that the accidental failure of suit statute does not apply to appeals from probate.
In the original action the appeal was timely taken; however, the writ was not returned at least six days prior to the return day in violation of Connecticut General Statutes52-46a. The court dismissed the appeal on that basis, and the plaintiff has now brought this action under the accidental failure of suit statute.
The court has been advised that this exact question has never been addressed by the Connecticut courts. At least the court has not found any case nor have counsel brought any precedent to the attention of the court.
Plaintiff's initial appeal from the probate court's decision was dismissed for lack of jurisdiction because [t]he return was late." Pilieri v. Knight, 5 CSCR 1029 (November 20, 1991, Thim, J.). Plaintiff therefore files this appeal under the accidental failure of suit statute which states:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on the merits. . . because the action has been dismissed for want of jurisdiction, . . . the plaintiff . . . may commence a new action except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action.
General Statutes 52-592 (a). Subsection (b) provides:
 When any action has been brought against an executor or administrator . . . and has failed for any of the reasons listed in subsection (a) of this section, the plaintiff . . . may commence a new cause of action within six months after determination of the original action.
The question which needs to be answered in this case is whether General Statutes 52-592 applies to appeals from CT Page 7911 probate. There are no reported cases in Connecticut, at either supreme, appellate or superior court level, which have addressed this issue. Plaintiff cites no cases to support his proposition that General Statutes 52-592 applies to appeals from probate, while defendant cites older cases which deal with different issues.
Defendant cites Slattery v. Wood, 90 Conn. 48 (1915) for the proposition that an appeal from probate is not an "action" within the meaning of General Statutes 52-592. The court there stated that appeals from probate were not considered actions in the context of a statute which provided "all actions that shall be tried before the Superior or County Courts . . . shall be tried by a jury of twelve men." Revision of 1808, p. 35, 8. The court held that "[a]ppeals from probate are not `actions' or `civil causes or actions between party and party.'" Slattery, supra, p. 50. The court reasoned that a probate proceeding is certainly not a civil action, and because a superior court hearing an appeal from probate acts as a probate court, "[n]either is an appeal from the Court of Probate to the Superior Court a civil cause or action." Id.
The accidental failure of suit statute refers to "action" not "civil action" but it is contained in the chapter headed "Civil Actions." Although the court in Slattery was dealing with the right to a jury trial, the court spoke broadly when stating that appeals from probate were not considered act ions. The court stated that the practice book "expresses the proper states of an appeal from probate as a special proceeding authorized by statute but not a civil action" (emphasis added). Therefore, it is possible that the court could find that appeals from probate are not considered actions and, therefore, do not fall within the meaning of action in the accidental failure of suit statute.
Plaintiff claims that subsection (b) of General Statutes 52-592 applies to the instant case. There have been no reported decisions interpreting subsection (b). It is clear, however, that subsection (b) does not address the present situation.
There are, however, some similarities between civil actions and appeals from probate. Practice Book 194 states that after filing the reasons of appeal, "pleadings shall thereafter follow in analogy to civil actions. "See also Baskin's Appeal from Probate, 194 Conn. 635, 643 (1984) (where the court noted the applicability of both motions to dismiss and to strike in appeals from probate). Because of this similarity, the court could find that there has, therefore, been a determination that appeals from probate are to be treated like CT Page 7912 actions, even if they technically are not, and, therefore, the accidental failure of suit state should apply.
Additionally, there is precedent for the proposition that appeals from probate are governed by ordinary civil rules. In Szabo v. Beregszazy, 9 Conn. App. 368 (1986), the court there held that General Statutes 51-351 applied to appeals from probate, even though the procedure for appeals from probate is outlined in General Statutes 45-288 and 45-290. Id. at 369. General Statutes 51-351 states that "[n]o cause shall fail on the ground that it has been made returnable to an improper location." The court held that "`cause' in 51-351 also applies to appeals from probate." Id. This court could similarly find that "action" in 52-592 applies to appeals from probate on the basis of a policy not to have actions dismissed for technical reasons instead of being heard on their merits. As plaintiff points out in his memorandum," [t]his is not a situation where the plaintiff seeks to avoid the applicable statute of limitations. Here, both the appeal and the recommencement were timely brought."
General Statutes 52-592 refers to an "action." "This court has defined the term `action' as the lawful demand of one's right in a court of justice for the purposes of obtaining whatever redress the law provides." State v. Blasko, 202 Conn. 541,555 (1987) (citations omitted). Although the court in Blasko was referring to General Statutes 1-1(u), the definition of "action" is nevertheless quite broad. And in referring to this definition of the term "action" as it applies to General Statutes 52-112 and 52-57d, the court stated that "in this sense it may be said to include any proceeding in such a court for the obtaining such redress as the law provides." Dayco Corp. v. Fred T. Roberts Co., 192 Conn. 497, 502 (1984) (citations omitted). It is noted that an appeal from probate would fit into either of these broad definitions.
It is the opinion of the court that appeals from probate fall within the general definition of "action" and that statutes outside the probate code may be applied. In this case, the accidental failure of suit statute would apply.
The motion to dismiss should and is denied as the plaintiff brought his appeal within the statutory time under General Statutes 52- 592.
WILLIAM J. McGRATH, JUDGE.