[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 6, 1992, Connecticut National Bank (hereafter "CNB") submitted a motion for appeal from a probate decree authorizing the defendant, Jerry Cooper, Administrator of the Estate of Mark A. Cooper (hereafter "Cooper"), to compromise a claim of the estate involving an airplane crash, resulting in the death of Mark A. Cooper. The Probate Court allowed the appeal; however, CNB's attorney failed to include a return date. On November 4, 1992, approximately 118 days after the Probate Court's decree, CNB submitted a motion to amend the appeal to include a return date. The Probate Court allowed the amendment, and CNB, after serving Cooper by certified mail, returned the process to this court on November 18, 1992.
On December 21, 1992, the defendant filed a motion to dismiss the appeal, based upon subject matter jurisdiction, i.e., that CNB failed to "obtain a timely amendment of its defective original appeal papers which contained no return date." According to the accompanying memorandum of law, the court lacks subject matter jurisdiction for failure to strictly comply with the probate appeal statutes. CNB argues that the court does not lack subject matter jurisdiction because it, which was aggrieved by the Probate Court decree, filed the instant appeal within thirty days of the decree, and the mere irregularity in failing to include a return date does not deprive the court of jurisdiction.
"Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held." General Statutes, Sec. 45a-186. An appeal must be taken within thirty days, or, if a person had no notice to be CT Page 5143 present and was not present, the appeal shall be taken within twelve months of the decree. General Statutes, Sec. 45a-187. The time limitation runs from the date on which notice of the decree is issued by the court to the parties. Kron v. Thelen, 178 Conn. 189, 197.
To reiterate, in the instant proceeding, CNB, after failing to include or assign a return date, filed a motion to amend the appeal with the probate court, seeking to establish a return date, which motion was filed approximately 118 days after the Probate Court decree, and granted by the Probate Court. As a result, Cooper filed the subject motion to dismiss arguing that this court lacks subject matter jurisdiction because CNB failed to comply with General Statutes, Sec. 45a-189, which provides that "[i]n the event of any defect in the form of an appeal taken under the provisions of section 45a-186 by any aggrieved person, such person may obtain from the court of probate an amendment to the appeal correcting the defect, provided the order for amendment is granted not later than ninety days after the date of the order, denial or decree of the court of probate from which the appeal was originally taken." (Emphasis added.)
There are no cases which interpret the phrase "any defect in the form of an appeal under the provisions of section 45a-189;" however, "[t]he Superior Court is without jurisdiction to entertain an appeal from probate unless the appeal complies with the conditions designated by statute as essential to the exercise of this power." (Emphasis added.) Bergin v. Bergin, 3 Conn. App. 566, 568, cert. denied,196 Conn. 806. Therefore, the critical issue is whether the Probate Court may allow an amendment for a defect in process despite noncompliance with General Statutes, Sec. 45a-189, thereby making compliance with that statutory provision nonessential to the exercise of jurisdiction over the present probate appeal.
In Szabo v. Beregszazy, 9 Conn. App. 368, the court held that General Statutes, Sec. 51-351, which provides that "[n]o cause shall fail on the ground that it has been returnable to an improper location," applies to probate appeals despite General Statutes, Sec. 45-290 (now Sec. 45a-189). The court reasoned that although the statute provides a procedure for curing defective probate appeals, "the procedures for CT Page 5144 correcting defective appeals outlined in Sec. 45-290 are general and apply to any defect in the form of an appeal," whereas "[t]he procedure in Sec. 51-351 . . . is specific and is only concerned with saving `causes' returned to an improper location." Therefore, since "[u]nder accepted rules of statutory construction, provisions of special applicability take precedence over those of general applicability," the court applied Sec. 51-351, and not Sec. 45-290, to defects of improper venue. (Citations omitted.) Szabo v. Beregszazy, supra, 369-70.
In contrast to Szabo, the present case concerns the applicability of Sec. 52-72 to an improper return date, or a failure to establish a return date in a probate appeal. An appeal to the Superior Court from a probate order or decree is not an ordinary civil action. Kerin v. Stangle, 209 Conn. 260,263. It is a special proceeding authorized by statute. Silverstein's Appeal from Probate, 13 Conn. App. 45, 53. "The right to appeal from the decision of a Probate Court is purely statutory. . . ." However, "[f]or purposes of mesne process, a probate appeal is considered a civil action." (Citation omitted.) Bergin v. Bergin, supra. In a civil action, the defect of an improper return day was incurable until the enactment of Sec. 52-72. Carlson v. Fisher,18 Conn. App. 488, 495-96. Section 52-72(a) provides that "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement." (Emphasis added.) "Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form." (Emphasis added.) Section 52-72(b).
Based upon this language, this court is satisfied that Sec. 52-72 applies specifically to defects in the return date. As a result, since a probate appeal is considered a civil action for mesne process, and since Sec. 45a-189
applied generally to any defect in the form of a probate appeal, the defective process, the lack of a return date, could be corrected according to the specific provisions of Sec. 52-72, instead of the more general provisions of Sec.45a-189. See Szabo v. Beregszazy. Therefore, the court's jurisdiction over the subject matter of the instant action is not conditioned upon CNB's compliance with Sec. 45a-189, when CT Page 5145 it amends process to cure a defect in the return date.
Accordingly, the motion to dismiss is denied.
Moraghan, J.