[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#105)
FACTS
The plaintiff, State of Connecticut Commissioner of Social Services, brings this action in the form of a motion for appeal from probate wherein the plaintiff claims it is the assignee of support rights of the minor child of the defendant. The facts underlying the appeal are as follows: On May 24, 1994, the probate court, Lawlor, J., issued a decree terminating the parental rights of the defendant, Francis Vecchitto. The plaintiff was not a party to this proceeding nor did it receive notice that the petition to terminate parental rights had been filed. On June 24, 1994, the plaintiff filed a motion with the probate court requesting the court reopen and reconsider the matter and further requesting the appointment of counsel for the minor child.[1] The motion for reconsideration and appointment of counsel for the minor child was denied by Judge Lawlor on January 24, 1995. Judge Lawlor issued a decree allowing appeal from probate on February 10, 1995.
The plaintiff, State of Connecticut Commissioner of Social Services commenced the present appeal by service of process on the defendant, Francis Vecchitto, on March 2, 1995. It is noted at the outset that the writ of summons and attached motion for appeal from probate dated February 10, 1995, and decree allowing appeal from probate were never returned to the superior court, nor were these documents returned to the probate court. The plaintiff again commenced an appeal by service of process on defendant on July 7, 1995. Attached to the writ of summons was a motion for appeal from probate dated June 28, 1995, and the decree allowing appeal from probate issued by Judge Lawlor on February 10, 1995. The motion for appeal from probate was CT Page 12541-A identical to the motion previously submitted on February 10, 1995 and served on March 2, 1995. This second writ of summons with all attachments was returned to the superior court of Waterbury on July 7, 1995.
In the present case the plaintiff alleges that it is the assignee of the support rights of a minor child whose father petitioned for termination of his parental rights. On April 22, 1994, prior to the time of the termination hearing the father, defendant, whose earnings averaged $918 per week, was ordered to pay child support in the amount of $92.50 per week. The petition for termination of parental rights was granted on May 24, 1994, thus terminating the defendant's obligation to pay child support. The plaintiff alleges that it is aggrieved because termination of the defendant's parental rights results in termination of his parental child support obligation to the minor child who is presently on public assistance. The plaintiff further claims that termination of child support obligations would transfer the entire duty to support the minor child to the State. The State also alleges that it was not provided with notice of the termination hearing and thus was not present at the May 24, 1994 hearing. As the assignee, the state alleges that it "has a claim for repayment of state assistance paid out in support of the minor child against said minor child's legally liable relatives." (Appellant's Motion for Appeal from Probate dated June 28, 1995.)
The defendant now moves for dismissal of the appeal on the grounds that the court lacks subject matter jurisdiction over the matter as the Probate Court has not ruled on the motion for appeal from probate nor was the writ of summons and complaint returned to the superior court within 90 days from the date of the probate court's ruling. The defendant also argues that the plaintiff is not "aggrieved" and therefore, lacks standing. The plaintiff filed a timely brief in opposition to the motion to which the defendant filed a reply.
DISCUSSION
I. Limitations of Action For Appeal From Probate
The defendant first argues that the time for filing an appeal from a Probate Court decision begins to run on the date the decree was entered which was May 24, 1994. The defendant argues that because the appeal was not taken within ninety days from May 24, 1994 as required by General Statutes § 45a-182, the court CT Page 12541-B lacks subject matter jurisdiction to hear the appeal. It is noted at the outset that the trial court has subject matter jurisdiction to hear appeals from probate court.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . . Practice Book § 143. "`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" Ambroise v. William Raveis RealEstate. Inc., 226 Conn. 757, 764-65, 682 A.2d 1303 (1993), quoting LeConche v. Ellingers, 215 Conn. 701, 709, 579 A.2d 1
(1990). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . ." (Citations omitted.) In re Judicial Inquiry No. 85-01, 221 Conn. 625,629, 605 A.2d 545 (1992). "Moreover, whenever a court discovers it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." Id., 629.
"`A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. Monroe v. Monroe, [177 Conn. 173, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S.Ct. 20, 62 L.Ed.2d 14
(1979)]. . . .' State v. Malkowski, 189 Conn. 101, 105-106,454 A.2d 275 (1983). Castro v. Viera, 207 Conn. 420, 427,541 A.2d 1216 (1988)." Plasil v. Tableman, 223 Conn. 68, 80, 612 A.2d 763
(1992). Pursuant to General Statutes § 51-164s "the Superior Court is authorized to hear all cases except those over which the probate courts have original jurisdiction." (Citation omitted.)Lampansona v. Jacobs, 209 Conn. 724 728, 553 A.2d 175 (1989). General Statutes § 45a-186 provides in relevant part that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held." General Statutes § 45a-186. "In an appeal from probate, the trial court exercises the right to make an independent and de novo determination of the issue involved, without regard to the result reached by the Probate Court." (Citations omitted.) Bristol v.Brundage, 24 Conn. App. 402, 407, 589 A.2d 1 (1991).
In addition, in Frank v. Frank, Superior Court, judicial district of Middletown, Docket No. 66226 (8 Conn. L. Rptr. 118, CT Page 12541-C 120, December 22, 1992, Walsh, J.), the court held that the time for filing an appeal begins to run from the date the parties are notified that the probate court will not proceed further on a motion for reconsideration. The defendant correctly relies onWillard v. McKone, 155 Conn. 413, 232 A.2d 322 (1967), for the proposition that the time for filing an appeal is from the date the decree is entered. The defendant's assertion that the proper date to begin the running of the statutory time period, May 24, 1994, is incorrect. In the present case, the final "decree" was not entered until February 10, 1995, at which time the probate court granted permission to file the appeal and notified the parties it would not reconsider the May 24, 1994 ruling. This, however, does not get the plaintiff over the hurdle of failing to timely return service to the superior court.
A late return of process, in an appeal from a Probate Court, rendered the appeal subject to dismissal. Bergin v. Bergin,3 Conn. App. 566, 490 A.2d 543, cert. denied, 196 Conn. 806,404 A.2d 903 (1985). "Where return of service is not timely, the courts have uniformly held that the defect cannot be cured by amendment. . . . The rationale of this proposition appears to be that once the date for return has passed there is nothing before the court which can be amended." (Citations omitted; internal quotation marks omitted.) Arpia v. Corrone, 18 Conn. App. 539,540-41, 559 A.2d 719 (1989), quoting Bergin v. Bergin, supra,3 Conn. App. 569. "The late return of process renders the action voidable and, if the defendants choose not to waive the jurisdictional defect of a late return, the trial court must dismiss the action." Arpia v. Corrone, supra, 18 Conn. App. 540. "[I] t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed, even prior to return day. . . . Thus, although a defendant in a civil action may consent to the jurisdiction of the court, the court may not proceed with the action until the return of process is made to the court." (Citations omitted.)Arpia v. Corrone, 18 Conn. App. 540.
There are two remedial statutes of which a plaintiff, such as the one in this case, could avail itself to avoid the harsh consequence of dismissal, General Statutes § 52-72 and General Statutes § 52-592. First, General Statutes 52-72
provides in relevant part: "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement. (b) CT Page 12541-D Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form." "It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects." Hartford National Bank Trust Co.v. Tucker, 178 Conn. 472, 477-78, 423 A.2d 141 (1979), cert. denied 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 3191 (1980). The purpose of General Statutes 52-72 "is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction." Id., 478-79,. The defendant in the present case was served with the writ of summons and complaint on March 2, 1995. The writ of summons and complaint was not, however, returned to the court. The plaintiff then served an identical writ of summons and complaint on the defendant on July 7, 1995, and returned the writ of summons and complaint to the Waterbury Superior Court the same day, as evidenced by the sheriff's return and file stamp date of the Waterbury court.
The right to appeal from a decision of the probate court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met. State v. Goggin, 208 Conn. 606,615, 546 A.2d 250 (1988); Exchange Buffet Corporation v.Rogers, 139 Conn. 374, 376, 94 A.2d 22 (1952); Bergin v. Bergin, supra, 3 Conn. App. 566, 568. "An appeal under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, shall be taken with thirty days. If such persons have no notice to be present and are not present, then appeal shall be taken within twelve months, except for appeals by such persons from a decree of termination of parental rights or adoption, in which case appeal shall be taken within ninety days." General Statutes § 45a-187. The late filing of a probate appeal makes the appeal voidable but not void. Phinneyv. Rosgen, 162 Conn. 36, 41, 291 A.2d 218 (1971); Heiser v.Morgan Guaranty Trust Co., 150 Conn. 563, 567. If a motion to dismiss is filed the appeal must be dismissed if it was not taken on time. Fuller v. Marvin, 107 Conn. 354, 357, 359, 140 A.2d 473
(1928).
In Concept Associates, Ltd. v. Board of Tax Review, 229 Conn. 618,622 n. 6, 642 A.2d 1186 (1994), however, the court rejected the argument that General Statutes § 52-72 did not apply to statutory appeals. The defendants were claiming that the plaintiff should not be permitted to obtain the benefit of General Statutes 52-72 "because the statutory right to appeal CT Page 12541-E pursuant to General Statutes 12-117a is conditioned upon strict compliance with the provisions creating the right to appeal. Section 12-117a provides that tax appeals shall be signed by the same authority and . . . shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action." Id. "[I]n Corden v. Zoning Board ofAppeals, 131 Conn. 654, 658, 41 A.2d 912 (1945), this court held that the plaintiffs' failure to provide a sufficient bond, which was a jurisdictional defect, could be corrected pursuant to 52-72
even after an appeal and remand to the trial court." ConceptAssociates, Ltd. v. Board of Tax Review, supra, 229 Conn. 618,624, 642 A.2d 1186 (1994).
In the present case, however, the plaintiff did not move to amend pursuant to § 52-72 nor did the plaintiff raise such an argument in opposition to the motion to dismiss. General Statutes § 52-72 is therefore not applicable to this case.
The second remedial statute, the accidental failure of suit statute, General Statutes § 52-592,[2] has been held to apply to appeals from probate. Pilieri v. Appeal from Probate, Superior Court, judicial district of Fairfield-Bridgeport at Bridgeport, Docket No. 283477 (6 CSCR 923, 924, September 23, 1991, McGrath, J.); Blouin v. Blouin, Superior Court, judicial district of Middlesex, Docket No. 65191 (7 CSCR 900, June 16, 1992, Austin, J.). In Pilieri v. Appeal from Probate, supra,6 CSCR 923, the plaintiff had not returned the writ at least six days prior to the return date as required by General Statutes § 52-46a. As a result, the action was dismissed. The plaintiff refiled the action under the accidental failure of suit statute. Upon a motion for dismissal on the ground that the accidental failure of suit statute did not apply to probate appeals, the court denied the motion at any time within one year after the determination of the original action. . . ." holding the statute did apply. Pilieri v. Appeal from Probate, supra,6 CSCR 923. In the present case, it is not clear from the complaint if the plaintiff is bringing this action under the accidental failure of suit statute as it was not set forth as a basis in the complaint. It is noted, however, that pursuant to Ross RealtyCorporation v. Sukris, 163 Conn. 388, 311 A.2d 74 (1972), it is not mandatory to plead § 52-592 in the complaint or in the reply to a statute of limitations special defense.
As previously stated, "[i]t is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny CT Page 12541-F a litigant the pursuit of its complaint for mere circumstantial[3] defects." Hartford National Bank Trust Co.v. Tucker, supra, 178 Conn. 477-78. "Over-technical formal requirements have ever been a problem of the common law, leading [the legislature] at periodic intervals to enact statutes . . . which, in substance, told the court to be reasonable in their search for technical perfection. . . ." (Citations omitted.)Concept Associates. Ltd. v. Board of Tax Review, supra, 229 Conn. 623-24. The present action should not be dismissed because the first writ of summons was timely served and failed because of failure to timely return the writ to the superior court, but the second writ of service was returned within the time limitation allowed by the accidental failure of suit statute.
The defendant, in his supplemental brief in support of the motion to dismiss, argues that this second attempt to perfect service is a renewed motion for appeal and was never ruled upon by the Probate Court. This argument misconstrues the plaintiff's attempt to properly bring the action. The plaintiff attached the February 10, 1995 decree to the motion for appeal from probate, not to raise the need for a second ruling by the probate court but only in support of it's motion for appeal. In the decree issued by Lawlor, J. on February 10, 1995, the probate court ruled that the appeal was allowed. As discussed above, the accidental failure of suit statute is deemed to save the appeal. Furthermore, once the probate court orders that the appeal may be taken, common sense dictates that the motion for appeal from probate is ruled upon, not by the probate court, but by the superior court to which the appeal is taken.
II. Standing
The appellee's second ground for dismissal is that the appellant does not have standing and therefore the court lacks jurisdiction to hear the appeal. "[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadlowski v. Manchester, 228 Conn. 79, 83,634 A.2d 888 (1993). "Standing focuses on the party seeking to be heard and not on the issues that the party wants to have heard. . . . The question of standing does not involve an inquiry into the merits of the case. . . . It merely requires allegations of a colorable claim of injury to an interest that isarguably protected by the statute or common law." (Citations omitted; emphasis in original.) Taff v. Bettcher, 35 Conn. App. 421,425, 646 A.2d 875 (1994). "Standing is the legal right to CT Page 12541-G set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather, it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . ." (Citations omitted; internal quotations omitted.) Sadlowski v. Manchester, supra, 228 Conn. 84.
"The trial court does not have subject matter jurisdiction to hear an appeal from probate unless the person seeking to be heard has standing. . . . In order for an appellant to have standing to appeal form an order or decree of the Probate Court, the appellant must be `aggrieved' by the court's decision." (Citations omitted.) Kucej v. Kucej, 34 Conn. App. 579, 581,642 A.2d 81 (1994), citing General Statutes § 45a-186. "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court." Id. "If an appellant is a mere stranger or interloper to the proceedings with no direct interest in the outcome, the court is without jurisdiction to hear the appeal." Buchholz's Appealfrom Probate, 9 Conn. App. 413, 415, 519 A.2d 615 (1987).
"Aggrievement falls within two broad categories, classical and statutory. . . . Classical aggrievement usually requires that the party claiming aggrievement has a direct pecuniary interest in the outcome of the litigation. . . . Statutory aggrievement exists by legislative fiat which grants an appellant standing by virtue of particular facts of the case." (Citations omitted.) Id., 415-16. "A two prong analysis is used by a denial, decree or order of a court of probate as provided by General Statutes § 45-288 [now § 45a-186]. . . . That analysis includes a consideration of (1) the nature of the appellant's interest, and (2) the adverse effect, if any of the Probate Court's decision on that interest." (Internal quotation marks omitted.) Id., 416.
In the present case the plaintiff alleges that it was the assignee of the support rights of a minor child whose father CT Page 12541-H petitioned for termination of his parental rights. On April 22, 1994, prior to the time of the termination hearing the defendant, whose earnings averaged $918 per week, was ordered to pay child support in the amount of $92.50 per week. The petition for termination of parental rights was granted on May 24, 1994 thus terminating the defendant's obligation to pay child support. The plaintiff alleges that it is aggrieved because termination of the defendant's parental rights results in termination of his parental child support obligation to the minor child who is presently on public assistance. This the plaintiff argues transfers the entire duty to support the minor child to the State and is not in the best interest of the child. The State also alleges that it was not provided with notice of the termination hearing and thus was not present at the May 24, 1994 hearing. As the assignee, the state alleges that it "has a claim for repayment of state assistance paid out in support of the minor child against said minor child's legally liable relatives." (Appellant's Motion for Appeal from Probate dated June 28, 1995.)
Under the two-pronged analysis set forth in Buchholz's Appealfrom Probate, supra, 9 Conn. App. 416, the appellant has alleged sufficient facts stating the nature of its' interest and the adverse effect of the Probate Court decree on that interest. For this reason, the court finds that the appellant has met the burden of showing aggrievement and the court, therefore, has jurisdiction to hear the appeal.
III. Public Policy/The Best Interest of The Child
In addition to the above submissions and in light of the recent Supreme Court decision discussed below, In Re Bruce R.,234 Conn. 194, 208, ___ A.2d ___ (1995), the present case presents facts that warrant a departure from the strict interpretation of rules and statutes. Although the court inBergin v. Bergin, supra, 3 Conn. App. 566, held that late return of process is a substantive defect and therefore fatal, this case presents compelling reasons to depart from such precedent. It is further submitted, that this departure should be limited to the facts of the present case which involves the "best interest" of a child, the central concern of General Statutes § 45a-717.
In the present case, the probate court, Lawlor, J., granted the defendant's petition to terminate his parental rights. The decree dated May 24, 1994, indicates that the court considered the guidelines of General Statutes § 45a-717 "subsection H" CT Page 12541-I when making the determination to terminate parental rights. Public policy concerns require the probate court to consider the financial situation of the parent(s) in determining the best interest of the -child and the court should have appointed counsel for the minor child to protect his interest.
"Requiring that the parents' financial condition be a consideration in determining the children's best interest will deter the filing of a consensual petition that is no more than a ruse or a sham to avoid support obligations." In Re Bruce R.,234 Conn. 194, 208, ___ A.2d ___ (1995). "Although the financial condition of the parents is not dispositive, the trial court must consider it in reaching a decision as to the best interest of the child. This requirement is in accord with the state and federal policies imposing on parents the responsibility of providing for the support of their children." Id., 209
"Indeed, to interpret the current statutory scheme to permit a trial court to forgo consideration of the financial condition of the parents would ignore the clear federal and state policies that indisputably mandate that, in all but the most extreme cases, children should be maintained and supported by their parents. [B]oth state and national policy has been, and continues to be, to ensure that all parents support their children and that children who do not live with their parents benefit from adequate and enforceable orders of child support. . . ." (Citations omitted; internal quotation marks omitted.) Id.
"Connecticut child support enforcement legislation clearly evinces a strong state policy of ensuring that minor children receive the support to which they are entitled. See, e.g., General Statutes § 46b-37 (b) (`it shall be the joint duty of each spouse to support his or her family'); General Statutes §§ 52-362b, 52-362c and 52-362f (child support can be withheld from paychecks of parents or from unemployment compensation); General Statutes § 52-362e (unpaid support obligations can be deducted from federal and state income tax refunds); General Statutes § 52-362d(a) (lien may be placed on `any property, real or personal' of obligor who owes $500 or more of child support); General Statutes § 52-362d(b) (delinquencies of parent-obligor in excess of $1000 may be reported to consumer reporting agencies); General Statutes § 52-362d(c) (lottery winnings of delinquent parent will be reduced by amount of child support owed); General Statutes § 52-362i (court may order parent-obligor to provide cash deposit to be held in escrow by CT Page 12541-J Connecticut child support enforcement bureau); Public Acts 1995, No. 95-310, §§ 2, 4 and 9 (driver's license of parent-obligor may be suspended). Indeed, General Statutes § 53-304(a), the criminal nonsupport statute, establishes that `[a]ny person who neglects or refuses to furnish reasonably necessary support to his . . . child under the age of eighteen . . . shall be deemed guilty of nonsupport and shall be imprisoned not more than one year, unless he shows to the court before which the trial is had that, owing to physical incapacity or other good cause, he is unable to furnish such support.' These statutory provisions demonstrate, without doubt, our legislature's position regarding the duty of parents to pay child support." Id. 209-210.
In the present case, the minor child was not represented by counsel and the State, as assignee of the support payments was not notified of the termination proceedings. In light of the public policy considerations discussed above, it is clear that the motion to dismiss should be denied.
In conclusion, (1) the appeal is timely under the accidental failure of suit statute, (2) the plaintiff has standing and (3) public policy concerns dictate the necessity of consideration of a parent's financial condition, the defendant's motion to dismiss is denied.
Dranginis, J.