[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 6, 1996
On April 18, 1996, the plaintiffs, William E. Espowood, guardian of the estate of John Andrew Willequer, a minor, and Roger Willequer, Jr., father of the minor, filed a four-count complaint against the defendants, the City of Bristol and several of its public officials.
In the first count, the plaintiffs allege that on August 26, 1994, John Andrew Willequer was riding his bicycle on a public street in Bristol when he collided with a motor vehicle operated by Kim Heninger. The plaintiffs allege that the hedges and/or shrubbery obstructed Heninger's sight of Willequer as he rode his bike through the intersection of Norton and Talmadge Streets.
The plaintiffs also assert that the intersecting highways failed to contain suitable warning signs legible from a distance of one hundred feet prior to the intersection. The plaintiffs claim that General Statutes § 13a-120 mandates that the defendants must place signs before the intersection and that the defendants failed to inspect the alleged dangerous and defective highways to remedy the situation.
The plaintiffs allege that the physical injuries and brain damage which Willequer sustained were caused by the dangerous and defective conditions of Bristol's public highways. The plaintiffs assert that Willequer is permanently disabled and unable to care for himself.
In the second count, the plaintiffs allege negligence on the part of various public officials of the City of Bristol. The plaintiffs specifically allege that, in their official CT Page 5286 capacities, these defendants failed to supervise, inspect, and maintain suitable warnings and tree removal along Bristol highways for safe public use.
The plaintiffs also allege that on or about October 12, 1995, the court of Probate, District of Bristol, appointed William E. Espowood as guardian of the estate of John Andrew Willequer, minor. Willequer resides at home with his parents in the City of Bristol. Espowood is a resident of North Haven.
In the third count, the plaintiffs allege that the individual defendants, in their official capacities, were acting as employees and/or agents of the City of Bristol in the performance of their duties. They also allege that the City of Bristol is liable under General Statutes § 7-465 to pay all sums of money for which the individual defendants may become legally obligated to pay.
In the fourth count, the plaintiff alleges that the injuries, damages and losses incurred by John Andrew Willequer were caused by the acts and omissions of the individual defendants in their official capacities under General Statutes, the Bristol Charter and the Bristol Code of Ordinances.
On June 5, 1996, the defendants, the City of Bristol, and two of its public officials, Ronald Smith and Paul Kowalczyk, moved to dismiss the plaintiffs' complaint on the basis of improper venue because the complaint was not returned to the proper court.[1] The defendants filed a memorandum of law in support of the motion. On June 19, 1996, the plaintiffs filed a timely memorandum of law in opposition to the defendants' motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991); Third Taxing District v. Lyons, 35 Conn. App. 795,803, 647 A.2d 32, cert. denied, 231 Conn. 939, 650 A.2d 173
(1994).
"Venue is not a jurisdictional question but a procedural one . . . Statutory venue requirements simply [confer] a privilege not to be required to attend court at a particular CT Page 5287 location . . . Accordingly, it may be waived by the parties, unlike subject matte jurisdiction, which cannot be conferred by consent." (Citations omitted; internal quotations marks omitted.)Savage v. Aronson, 214 Conn. 256, 263, 571 A.2d 696 (1990).
In support of their motion to dismiss, the defendants argue that the complaint is not properly returnable to the judicial district of New Haven because the minor plaintiff and all the defendants are residents of Bristol, which is part of the judicial district of Hartford-New Britain. They base their argument on General Statutes § 51-344, which establishes that the judicial district of Hartford-New Britain includes Bristol, and on General Statutes § 51-345 (a)(3), which provides that all civil process shall be made returnable to the judicial district where either the plaintiff or defendant resides, if either or both of the parties are residents of this state.
The defendants contend that when determining the plaintiffs' place of residence, it is the minor plaintiffs, not the guardian's, place of residence which is relevant. They cite General Statutes § 45a-603, which provides in pertinent part: "the residence of a minor means his or her actual residence and not that imputed to the minor by the residence of his or her parents or guardian." Accordingly, the defendants conclude that since neither the minor nor any of the defendants reside in New Haven, that the judicial district of New Haven is an improper venue.
In opposition to the motion to dismiss, the plaintiffs claim that when the defendants filed interrogatories, production requests and motions for extension of time to respond to plaintiffs' discovery requests, they waived their right to file a motion to dismiss. The plaintiffs rely on Iffland Lumber v.Tucker, 33 Conn. Sup. 692, 696, 368 A.2d 606 (App. Sess. 1976), for the proposition that once a party "files a general appearance, he waives any jurisdictional claims." Practice Book § 142 expressly provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after havingentered a general appearance . . ." (Emphasis added.)
Practice Book § 144 provides: "Any claim of lack of jurisdiction over the person or improper venue . . . is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 and within the time provided by Sec. 142." Practice Book § 112 enumerates a sequence of pleadings CT Page 5288 addressed to the complaint and to the answer, and it does not address the filing of interrogatories, production requests, or motions for extension of time to respond to plaintiffs discovery requests. See also Skowronski v. Barnette, Superior Court Milford, Docket No. 030665 (April 16, 1990) (Fuller, J., 1 CONN. L. RPTR. 505) (court holds that the filing of a motion to implead a third party defendant does not waive the right to file a motion to dismiss).
Practice Book § 142 provides: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." The defendants filed an appearance on May 9, 1996 and filed the motion to dismiss on June 5, 1996, thus complying with the thirty-day rule. Therefore, the defendants did not waive their right to file a motion to dismiss by filing the motion after the filing of interrogatories, production requests, and a motion for extension of time.
The plaintiffs also argue that because General Statutes §51-345 (a)(3) permits a plaintiff to return an action to the judicial district where either the plaintiff or defendant resides, the action is properly returnable to the judicial district of New Haven because Espowood resides in North Haven. The plaintiffs argue that "a child can only institute an action by his guardian or next friend, the real party in interest." Thus, it is Espowood's — not Willequer's — residence which determines the residence of the plaintiff.
The plaintiffs rely on O'Donnell v. Hayden Truck Lines,61 F. Sup. 823 (D. Conn. 1945), to support their argument that Espowood is "the real party in interest." O'Donnell was a wrongful death action brought by the plaintiff, a resident of Rhode Island, as administratrix appointed by a Connecticut probate court. The defendant, a Connecticut resident, moved to dismiss the action on the ground of lack of diversity [of state citizenship] because the estate of the decedent was also a Connecticut entity. The court denied the motion and held that "[t]he powers and duties of the administratrix under her appointment make her a real party in interest even though the recovery is tor [for] the ultimate benefit of others." Id. The plaintiffs' reliance on O'Donnell is misplaced because diversity of citizenship is a jurisdictional matter in the federal courts. In the present case, the issue is venue, which is a procedural CT Page 5289 matter. Savage v. Aronson, supra, 214 Conn. 263.
The plaintiffs also cite Penobscot Area, Etc. v. City ofBrewer, 434 A.2d 14, 19 (Me. 1981), for the proposition that "a guardian's residence or situs is cognizable in selecting proper venue." This case is not binding on Connecticut courts. Moreover, in a habeas corpus action for the custody of a minor child, the Connecticut Supreme Court emphasized that venue based on the minor child's residence is proper. McGaffin v. Roberts, 193 Conn. 393,399 n. 6, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050,84 L.Ed.2d 813 (1985).
"[T]he general rule is well established that a child may bring a civil action only by a guardian or next friend, whose responsibility it is to ensure that the interests of the ward are well represented." Newman v. Newman, 235 Conn. 82, 95,663 A.2d 980 (1995). "The next friend representing an infant plaintiff is in no sense a party to the action, nor has he any interest in the litigation, but the real party plaintiff in the suit is still the infant." (Citations omitted; internal quotations marks omitted.)Orsi v. Senatore, 31 Conn. App. 400, 423, 626 A.2d 750, cert. granted, 228 Conn. 908, 635 A.2d 1228 (1993), rev'd on other grounds, 230 Conn. 459, 645 A.2d 986 (1994). "[V]enue and jurisdiction in the action of an infant brought by his next friend are determined by the right of the infant to maintain the suit." 42 Am.Jur.2d Infants § 161 (1969).
Therefore, the minor is the real party in interest and that it is his residence, not the guardian's, that should determine venue. Although a civil action is returnable to the judicial district where either the plaintiff or the defendant resides, since both parties in the present case reside in Bristol, the judicial district of Hartford New Britain is the proper venue.
A claim of improper venue is properly raised by a motion to dismiss. Zizka v. Water Pollution Control Authority. 195 Conn. 682,687, 490 A.2d 509 (1985), citing Practice Book § 143. However, General Statutes § 51-351 provides: "[n]o cause shall fail on the ground that it has been made returnable to an improper location." "[T]he legislature's intention in enacting51-351 was to provide the remedy of transfer rather than dismissal . . ." Sprague v. Commission on Human Rights Opportunities, 3 Conn. App. 484, 487, 489 A.2d 1064, cert. denied,196 Conn. 804, 492 A.2d 1240 (1985). See also Szabo v.Beregszazy, 9 Conn. App. 368, 519 A.2d 81 (1986) (court holds that CT Page 5290 General Statutes § 51-351, which provides a remedy for causes filed at an improper location, also applies to probate appeals). Therefore, "improper venue would only be grounds to transfer the matter, and not grounds for a motion to dismiss." Stauffer v.Manganello, Judicial District of Ansonia/Milford at Milford. Docket No. 039995 (March 4, 1993) (Curran, J., 8 CONN. L. RPrR 429).
Although the judicial district of New Haven is not the proper venue, this court denies the defendants' motion to dismiss, and transfers the action to the judicial district of Hartford-New Britain.[2]
ZOARSKI, S.T.R.