MARGARET SPRAGUE *v.* COMMISSION ON
HUMAN RIGHTS AND OPPORTUNITIES ET AL.
(2557)

HULL, BORDEN and DALY, Js.

Argued January 8—decision released April 2, 1985

*Jonathan L. Gould,* for the appellant (plaintiff).

*Walter A. DeAndrade,* for the appellee (defendant Bunting and Lyons, Inc.)

DALY, J. The plaintiff appealed to the Superior Court for the judicial district of Hartford-New Britain from a ruling made by a hearing officer of the defendant commission on human rights and opportunities finding no discriminatory action by the plaintiff's employer, Bunting and Lyon, Inc. The employer moved to dismiss the appeal on the ground, inter alia, of improper venue. The plaintiff moved to transfer the appeal to the judicial district of New Haven. The court granted the employer's motion to dismiss and took no action on the plaintiff's motion to transfer. The plaintiff appealed from the judgment of dismissal.

It is undisputed that the plaintiff is a resident of Madison and alleges that the discriminatory practice occurred in Wallingford, where the employer is located. Both of these towns are located in the judicial district of New Haven.

General Statutes (Rev. to 1983) § 46a-95 (j), applicable to appeals from final orders of hearing officers of the commission, provides, in part: "Any respondent or complainant aggrieved by a final order of a hearing officer . . . may appeal therefrom in accordance with section 4-183, except venue for such appeal shall be in the

judicial district where the discriminatory practice is alleged to have occurred or in the judicial district in which such person resides . . . ."

The trial court, in granting the motion to dismiss, relied on *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 204, 440 A.2d 286 (1982), which held that "[t]he venue provisions of § 4-183 (b)[1] are jurisdictional and 'mandatory, and, if not complied with, render the appeal subject to abatement. . . .' " The *Farricielli* court also determined that the trial court in that case had no power or jurisdiction to order a change of venue because it had no jurisdiction over the subject matter. Id., 206–207.

The plaintiff relies on General Statutes § 51-351, which became effective on July 1, 1978, while the *Farricielli* case was pending in the trial court. Section 51-351 provides: "No cause shall fail on the ground that it has been made returnable to an improper location." We believe that § 51-351, rather than *Farricielli,* controls here.

The majority of the *Farricielli* court held that § 51-351 did not apply to the facts of that case because it was not retroactive. Id., 205–206 n.6. The dissenters argued that it did have retroactive effect. Id., 211.

Since § 51-351 is now and was in effect when the plaintiff filed her appeal in the trial court, the reasoning of the *Farricielli* dissent as to its scope and purpose is apt here: "There can hardly be any question but that the legislature intended to authorize the transfer of cases such as the appeal of this plaintiff in enacting § 51-351, because there is no other established

---

[1] General Statutes (Rev. to 1983) § 4-183 (b) provides, in pertinent part: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides . . . within forty-five days . . . ."

mechanism for implementing this declaration of policy. Already in existence was § 51-347b which authorized transfer of '[a]ny cause' by order of the court on its own motion or the motion of any party. The use of the broader word 'cause' in this statute, as well as in § 51-351, instead of 'action' makes it clear that the authority to transfer extends to administrative appeals as well as ordinary civil actions." Id., 210.

We find error in the granting of the motion to dismiss because the legislature's intention in enacting § 51-351 was to provide the remedy of transfer rather than dismissal in such a situation.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.