[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an application to discharge or reduce a bond which was substituted for a mechanic's lien. The defendant CT Page 324 has moved to dismiss the application for lack of jurisdiction under section 142 of the Connecticut Practice Book, on the ground that the action was brought in the Judicial District of Ansonia/Milford rather than either the Judicial District of Fairfield at Bridgeport or the Judicial District of Stamford/Norwalk.
The applicant, Petrucci Construction Company, Inc. [Petrucci], is a Connecticut corporation with its principal office in Westport, Connecticut. Petrucci is the general contractor on a project known as the Tower Shopping Plaza in Milford, on property owned by Trefz Corporation. Testa Excavating Co., Inc. was a subcontractor of Petrucci, and its place of business is in Norwalk. The respondent, Alaimo Excavators Blasters, Inc. [Alaimo], is a subcontractor of Testa and has its place of business in Norwalk. Alaimo claimed that it was not fully paid for its work on the Tower Shopping Plaza project and filed a mechanic's lien on December 1, 1989. Subsequently, Petrucci substituted a bond for the lien, which was then released by Alaimo. Petrucci has filed this application to discharge the bond. Alaimo claims that the Ansonia/Milford Judicial District does not have jurisdiction because the action is to discharge a bond, not a lien on the property in Milford, and both parties are corporations with principal offices in Norwalk and Westport, neither of which are in this district.
A motion to dismiss can be used to claim improper venue. Section 143(3) Connecticut Practice Book. Section49-35a of the General Statutes provides that an application to discharge a mechanic's lien can be brought "to the superior court for the judicial district in which the lien may be foreclosed under the provisions of section51-345, or to any judge thereof." Section 49-37 allows the substitution of a bond for a mechanic's lien. This occurred here. When a bond has been substituted for a mechanic's lien, section 49-37(b)(1) provides that the principal or surety on the bond can bring an action "to the superior court for the judicial district in which the action may be brought, or to any judge of the court . . . to determine whether the lien for which the bond was substituted should be declared invalid or reduced in amount" where no action to recover on the bond is then pending before any court. While the property in which the lien was filed is located in Milford, Alaimo is correct that the application is to discharge the bond, not the mechanic's lien, and that the appropriate statute is section 49-37(b), and the action is no longer an action involving land or foreclosure of a lien on real property. The action is a conventional civil action. In this case venue is governed by section 51-345(c) CT Page 325 which governs venue in actions by a corporation. Both the applicant and the respondent are domestic corporations. In such cases, subsection (2) of the statute provides that the action may be brought "to the judicial district where (A) the plaintiff has an office or place of business, (B) the injury occurred, (C) the transaction occurred, or (D) the property is located or lawfully attached." Petrucci claims that proper venue is in this district under subsections (A), (B) or (C). The underlying action is now on a bond, which is a contract obligating a third party to respond in damages if the principal does not do so. The parties have indicated that the bond was issued in Hartford by a surety company. The bond is signed by Petrucci as principal and issued to Alaimo.
Subsection (B), allowing actions to be returned where the injury occurred, does not apply to this type of claim. At a hearing on the motion Petrucci produced evidence that it maintains an office trailer at the job site in Milford, and has done so since May 1989. The trailer contains a telephone line, a desk, all the job records, and mail is delivered there. The trailer is regularly used and occupied when construction occurs at the jobsite. Subsection (A) allows an action to be returnable in the district where the plaintiff has "an office or place of business". While Petrucci's principal place of business is in Westport, the statute does not require the office or place of business to be the "principal office of the corporation", a term described for other purposes in section 33-284 (r) of the General Statutes. Common sense would dictate that the purpose of the venue statute is for the plaintiff to have some meaningful contact with the district where the action is brought, and that a corporation with several offices within the state should not be restricted to bringing actions solely to the district in which it maintains its principal place of business. While it is a question of fact as to what constitutes "an office or place of business" under the statute, the evidence produced here shows that the trailer at the job site in Milford meets that test. It is unnecessary to determine whether venue could also be obtained under subsection (C).
The motion to dismiss is denied. Improper venue would only be grounds to transfer to the Judicial District of Stamford/Norwalk pursuant to section 51-351 of the General Statutes. Sprague v. Commission on Human Rights and Opportunities, 3 Conn. App. 484, 486-487.
However the parties informed the Court at the hearing CT Page 326 on the motion to dismiss that an action has now been brought by Alaimo on the bond in the Superior Court at Stamford under section 49-37(a). These actions should be joined as allowed by the statute, in the interest of judicial economy. A decision on the application to discharge in the Superior Court at Milford would not preclude trying the same issue again at in the Superior Court at Stamford in the action on the bond. See section 49-37(b). Also the corporations involved, and presumably their officers and employees as well, are residents of the Stamford/Norwalk Judicial District, and it would be more convenient for the action to be decided there. At this time the surety, a necessary party, does not have notice of the application as required by statute. Finally, an application to discharge the bond can be filed at the Superior Court in Stamford.
The Court, on its own motion, pursuant to section51-347b of the General. Statutes hereby transfers this case to the Superior Court at Stamford.
ROBERT A. FULLER, Judge