[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE; MOTION TO DISMISS
This case comes before the court on an application for prejudgment attachment by the plaintiff, Leonard E. Stauffer, to attach two parcels of real property owned by the defendant, Bianca Manganello, located in Ansonia, Connecticut. The application is based upon an anticipated deficiency judgment of a foreclosure action on property located in Litchfield County.
On June 24, 1992, the plaintiff filed a five count proposed complaint seeking to collect sums alleged to be due on a promissory note from the defendant, Cosmo Manganello, to the plaintiff. The two defendants, Cosmo and Bianca Manganello, are husband and wife.
In the first count, the plaintiff seeks judgment of foreclosure on the defendant Cosmo Manganello's property. This property is located in the county of Litchfield, Connecticut. The plaintiff also requests a deficiency judgment be entered against the defendant, Cosmo Manganello.
In the second through fifth counts, the plaintiff seeks to set aside a conveyance by the defendant, Cosmo Manganello, of two parcels of real estate located in Ansonia to his wife, defendant Bianca Manganello. The plaintiff alleges that Cosmo Manganello transferred the property to his wife with fraudulent intent, that no consideration was paid, and that his wife knew or should have known that her husband was indebted to the plaintiff and in accepting the transfer knowingly aided and abetted in such fraudulent conveyance. The plaintiff claims that the conveyance rendered the defendant, Cosmo Manganello, unable to satisfy his indebtedness to the plaintiff.
The plaintiff also claims that there will be a deficiency in the amount of $400,000.00 as a result of the foreclosure on the property located in Litchfield county and therefore seeks to attach the defendant Bianca Manganello's property in Ansonia to satisfy such deficiency. After a hearing on the application to attach these two parcels, the court, found that there was probable cause to sustain the validity of the plaintiff's complaint and granted the order for prejudgment attachment on October 7, 1992.
On August 3, 1992, the defendants filed a motion to dismiss on CT Page 2335 the ground of improper venue. The court heard arguments on this motion on August 3, 1992. The defendants argued that the plaintiff's action seeks to foreclose on property located in Litchfield County and according to 51-345(b) of the General Statutes, the action must be returnable to the Judicial District of Litchfield, and not to the Judicial District of Ansonia/Milford. The plaintiff argued that the action is primarily based on the alleged fraudulent conveyance of property in Ansonia and therefore the Judicial District of Ansonia/Milford is the proper venue. The plaintiff cited to First Constitution Bank v. Lambert Realty Associates, 5 CTLR 214 (November 19, 1991, Hodgson, J.) in support of his argument. This court denied the defendants' motion to dismiss, stating that "[t]he property that is the subject of fraudulent conveyance lies within this district and I see no reason why the Court doesn't have jurisdiction. . . . It's my option that the Court has jurisdiction." (Hearing Transcript dated August 3, 1992, p. 8).
On August 18, 1992, the defendants filed a second motion to dismiss on the ground of improper venue. The attached brief in support of the motion to dismiss stated substantially the same arguments that were argued in support of the first motion to dismiss. The defendants argue that the plaintiff's action depends upon a judgment of foreclosure on property in Litchfield County and therefore according to 51-345 of the General Statutes, the action must be brought in the Judicial District of Litchfield. The defendants further argue that success on the fraudulent conveyance counts depends upon the plaintiff obtaining a judgment of strict foreclosure and a deficiency judgment on the property in Litchfield County. As a result, the defendants argue that the foreclosure action is primary and that the secondary action is fraudulent conveyance cannot divest the Judicial District of Litchfield from its jurisdiction over the foreclosure action.
On September 2, 1992, the plaintiff filed a memorandum in opposition to the defendants' motion to dismiss. The plaintiff argues that the subject motion to dismiss was already heard by the court on August 3, 1992 and was denied. Furthermore, the plaintiff argues that the primary focus of the complaint is the fraudulent conveyance of the property in Ansonia and therefore the Judicial District of Ansonia/Milford is the proper venue according to the superior court's decision in First Constitution Bank v. Lambert Realty Association, 5 CTLR 214 (November 19, 1991, Hodgson, J.).
The first motion to dismiss filed by the defendants on August CT Page 2336 3, 1992 contained the same grounds for dismissal as the second motion to dismiss filed by the defendants on August 18, 1992. The dismissal of the first motion to dismiss is the law of the case, and therefore the second motion to dismiss is denied.
"`Law of the case' is the controlling legal rule of decision, as established by a previous decision, between the same parties in the same case." 21 CJS 195, p. 330. The doctrine of law of the case is a rule of practice and not a principle of substantive law. Id., 330-331. "New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored." (Citation omitted.) Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982). "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Id. The subject motion to dismiss has already been decided adversely to the defendants and therefore it is denied on this ground.
Since the law of the case is only a flexible principle which expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power, the court considers the plaintiff's other ground for denial of the defendants' motion to dismiss. The plaintiff argues that the venue is proper according to the court's decision in First Constitution Bank v. Lambert Realty Association, 5 CTLR 214 (November 19, 1991, Hodgson, J.). In First Constitution Bank, the plaintiff brought an action to foreclose property located in Orange, which is in the Ansonia/Milford Judicial District, together with a claim of fraudulent conveyance on property located in Woodbridge, which is the New Haven Judicial District. Id. The defendants asserted that the court lacked subject matter jurisdiction because the complaint was returned to the New Haven Judicial District rather than to the Ansonia/Milford Judicial District. Id. The court found that it had jurisdiction over both counts. Id. The court stated that
 [r]egardless of the determination as to venue, however, the court has subject matter jurisdiction, that is, the power to hear and determine cases of the general class to which the proceedings in question belong. (Citations omitted.) Except in circumstances in which venue has been construed to be one of the limiting conditions as to an administrative appeal . . . an error in choice of CT Page 2337 venue does not deprive the court of subject matter jurisdiction. (Citations omitted.) Section 52-19, which made correct venue of foreclosure actions a jurisdictional matter was repealed in 1978, P.A. 78-280, 126. Regardless of the proper venue of an action to foreclose a mortgage on the property in Orange, the issues raised in the application before the court involve title to the land in Woodbridge, an issue properly returned to the New Haven Judicial District pursuant to 51-345(c)(3).
Since the plaintiff's action also involves title to property in Ansonia, this court has jurisdiction. Therefore the defendants' motion to dismiss may be denied on the ground that the action was brought in the proper venue.
In addition, improper venue would only be grounds to transfer the matter, and not grounds for a motion to dismiss. since 52-19 of the General Statutes which made correct venue of foreclosure actions a jurisdictional matter was repealed in 1978, P.A. 78-280, 126, the correct venue is not mandatory, and therefore 51-351 of the General Statutes governs. See Farricielli v. Personnel Appeal Board, 186 Conn. 198, 440 A.2d 286 (1982); Szabo v. Beregszazy,9 Conn. App. 368, ___ A.2d ___ (1986); Sprague v. Commission on Human Rights Opportunities, 3 Conn. App. 484, 487, 489 A.2d 1064, cert. denied, 196 Conn. 804, 492 A.2d 1240 (1985); see also Chrysler Credit Corporation v. Berman, 6 CTLR 177 (March 18, 1992, Pickett, J.). Section 51-351 of the General Statutes states that "[n]o cause shall fail on the ground that it has been returnable to an improper location." "[T]he legislature's intention in enacting51-351 was to provide the remedy of transfer rather than dismissal. . . ." Sprague v. Commission on Human Rights 
Opportunities, 3 Conn. App. 484, 487, 489 A.2d 1064, cert. denied,196 Conn. 804, 492 A.2d 1240 (1985). since improper venue is not a proper ground for dismissal in this case, the defendants' motion to dismiss is denied.
The Court
By Curran, J. CT Page 2338