[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS NO. 131, 132, 133, 134, 135, 137AND MOTION TO APPOINT A RECEIVER OF RENTS FOR 59 ALICE STREET, BRIDGEPORT
Plaintiff, New Future Developers, Inc. or more properly New Future Developers Corporation, Inc. (hereinafter "New Future"), in its complaint alleges that on August 31, 1992, its predecessor in title, New Future Mortgage Corporation, Inc., and the defendant Clifford Hill ("Hill"), entered into an agreement CT Page 1431-QQ pursuant to which Hill was to purchase premises known as 57-59 Alice Street, Bridgeport, Connecticut. Further, New Future alleges that both Hill and the defendant Florence Harris ("Harris") took and still retain possession of the property but never purchased same. New Future claims to have acquired title to the premises on or about May 4, 1993.
On February 10, 1994, New Future caused defendants to be served with a Notice to Quit Possession. Thereafter, the complaint was returned to the Housing Session of the Superior Court where New Future sought a judgment of immediate possession contending that defendants never paid rent, although repeated demand had been made for same. New Future does allow, however, that in addition to the contract deposit of $2,650 paid by Harris the sum of $750 was paid by the defendants for use and occupancy during their possession.
Counsel, representing both defendants, appeared on March 25, 1994 and responded to New Future's complaint by filing an answer and counter claim seeking damages on behalf of defendant Hill solely. In turn, New Future filed an answer to defendants' counterclaim.
On October 28, 1994, the Housing Court dismissed New Future's complaint finding the notice to quit to be defective. The court also transferred Hill's counterclaim against New Future and the latter's answer to the regular docket of superior court.
Thereafter, Paul I. Miller, Trustee (hereafter "Miller") filed a pro se appearance, a "Motion to be Made a Party Defendant to the Counterclaim" and a request that defendant Hill be ordered to amend his counterclaim to show Miller's interest therein. Miller's motion was granted by the court, Tobin, J., on July 21, 1994.
On April 23, 1995, Miller seeking, inter alia, money damages filed a cross-claim against defendant Hill claiming a loss of rental income and rent arrearage.
The court, on May 11, 1995, granted Miller's Motion to Default defendant Hill for his failure to plead to the cross-claim.
On May 24, 1995, the court, Tobin, J., in response to Miller's motion, appointed a receiver of rent for the first floor CT Page 1431-RR apartment of the property at 57 Alice Street. The court, however, denied Miller's motion requesting that he be substituted for the plaintiff New Future Developers. Thereafter, a motion for default and judgment together with an affidavit of debt were filed by Miller but were not claimed. On May 17, 1995, Hill filed an answer to the cross claim, denying the material allegations of same.
Once again, on June 13, 1995, Miller moved for the appointment of a receiver of rents for 59 Alice Street (the second floor apartment). The court denied the motion indicating that Hill's claim of ownership was still outstanding.
Three days later the firm representing New Future requested permission to withdraw. On September 15, 1995, the contested motion to withdraw was granted as it was obvious that the attorney-client relationship had irreparably broken down.
On June 16, 1995, Miller moved to dismiss Hill's counterclaim for lack of subject matter jurisdiction. However, this motion does not appear to have been brought to the attention of the court and, therefore, was never considered by it. The court, Tobin, J., did grant without prejudice Miller's motion to discharge a lis pendens filed by Hill encumbering the 57-59 Alice Street property.
Miller also moved, on two occasions, to default Harris for her failure to appear with regard to his cross claim but his motions were denied. The court pointed out that the cross claim was not directed against her and, in any event, her appearance was already on file.
Miller, representing that defendant Hill had died on May 25, 1995, moved to substitute Harris who had been appointed administratrix of Hill's estate. The court, Tobin, J., granted this motion and Florence Harris, Administratrix, was served pursuant to the court's order.
Miller presently has a number of motions pending before the court. A hearing was held regarding the following:
Docket entry no. 131 "Motion to Dismiss Counterclaim of Defendant for Lack of Subject Matter Jurisdiction"; CT Page 1431-SS
Docket entry no. 132 motion requesting that the court order Florence Harris to turn over to the receiver of rents all rents collected from the first floor tenants;
Docket entry no. 133 motion requesting that Florence Harris be found in contempt for collecting rent from the first floor tenants in violation of the court's order appointing a receiver to collect same;
Docket entry no. 137 "Motion to Discharge Lis Pendens";
Docket entry no. 134 motion for sanctions and costs for filing invalid lis pendens and re-recording of invalid lis pendens;
Docket entry no. 135 "Motion to Substitute Party Defendant"; and,
No number a motion to appoint a receiver of rents for the second floor apartment known as 59 Alice Street, Bridgeport.
The court will first consider the motion to dismiss Hill's counterclaim for lack of subject matter jurisdiction.
In his motion, Miller contends that the counterclaim should be dismissed because it "is violative" of § 47a-68 (a) and (b) of the General Statutes and §§ 142 and 143 of the Practice Book in that it was outside the jurisdiction of the Housing Session and, therefore, could not have been transferred to the regular docket.
From the court file, it appears that the presiding judge of the Housing Session reviewed New Future's notice to quit and, finding it defective, dismissed its summary process complaint sui juris. Recognizing the improper venue of the counterclaim, the court transferred it to the regular docket. Certainly, the court had the authority to do so. See Connecticut General Statutes § 51-347b and § 47a-70 (a).
As indicated in the counterclaim and plaintiff's memorandum, "the counterclaim was filed after a civil action was brought. This is a common occurrence in our system of justice. It is the CT Page 1431-TT same as if two separate suits were brought; thus if the original action is settled, the parties can still provide for the continuance of the counterclaim." Lusas v. St. Patrick'sRoman Catholic Church Corp. of Waterbury, 123 Conn. 166.
The proper action in the instant matter was transfer because of the improper venue and not dismissal. See Sprague v.Commission on Human Rights Opportunities, 3 Conn. App. 484, and there is no question regarding the propriety of the present venue.
Miller also argues that the counterclaim should be dismissed because if "is violative" of § 47-33 (a) of the General Statutes. This section provides that no interest in real property existing under an executory agreement for the sale or option to purchase same shall survive longer than one year after the date for performance contained in the agreement.
Hill, in his counterclaim, seeks specific performance of a real estate contract containing a performance date of September 1, 1992, in addition to seeking other relief. This on its face appears to violate the statute; however, the question regarding the legal efficacy and sufficiency of same, as it implicates § 47-33 (a), should be raised by a motion to strike. See Connecticut Practice Book § 152.
In his third and final argument, Miller claims that the counterclaim should be dismissed for Hill's failure to comply with the court's order of April 21, 1995, Tobin, J., requiring that the counterclaim be amended to reflect his interest. He contends that he has not been served with an amended counterclaim to date and Hills' administratrix provides no opposition to that claim.
The failure to comply with the court's directive adds to the confusion of the case and may require the imposition of sanctions by way of nonsuit and/or fees and costs but such failure does not implicate subject matter jurisdiction or compel dismissal. See Connecticut Practice Book § 142 et seq.
In accordance with the foregoing reasons, the motion to dismiss is denied.
Next, the court will consider the motion for order requiring Harris to pay to the receiver of rents the rent collected from CT Page 1431-UU the first floor tenants. In his motion and argument, Paul Miller contends that Florence Harris has collected June and July rents, and perhaps more, from the first floor tenants after the appointment, on May 26, 1995, of a receiver of same. However, no credible evidence of this has been presented to the court and, therefore, this motion is denied.
With regard to the motion requesting that Harris be found in contempt for collecting rent from the first floor tenants, the court heard no credible evidence establishing that she collected or received any rent from them. While the court was presented with evidence that Hill and perhaps his son collected or attempted to collect rent from the first floor tenants, in violation of the receiver's authority, the court has been presented with no credible evidence involving Harris. Consequently, this motion is denied.
Miller's motion to discharge the lis pendens is directed toward the second lis pendens filed by counsel for Hill and Harris. Earlier, the court granted Miller's motion to discharge the first lis pendens for lack of statutory compliance. No such defect has been shown to the court regarding this second lis pendens and, inasmuch as Hill's claimed interest in the real property is still a component of his case, there is no basis for an order discharging same. See Connecticut General Statutes §52-325. However, should that claim be extinguished, a motion to discharge would be appropriate. Therefore, this motion is denied without prejudice.
In light of the foregoing, the motion entitled "Motion for Sanctions and Costs for Filing Invalid Lis Pendens and Re-recording of Invalid Lis Pendens" is also denied.
With his next motion, Miller seeks to be substituted as a party in the place of New Future, the plaintiff in the summary process action and the defendant in Hill's counterclaim. Miller pursues his motion on the basis that New Future was dissolved by its Board of Directors on April 10, 1995, and that the property in question and the "cause of action" were transferred and assigned to him.
These claims not withstanding, Hill's counterclaim was brought against New Future prior to its dissolution and, therefore, the dissolution neither removes nor impairs any liability of the corporation, vis a vis Hill's counterclaim. See CT Page 1431-VV Connecticut General Statutes § 33-488.
This motion is denied.
In his final motion, Miller seeks the appointment of a receiver of rents for the second floor apartment, known as 59 Alice Street, claiming that it is being used for illegal purposes and is being substantially damaged. However, no evidence of either was presented to the court; consequently, the court has no statutory authority to appoint a receiver of rents under the present circumstances. Connecticut General Statutes § 47a-56b
et seq.
This motion is denied.
Interestingly, the only testimony of worth presented to the court came from one Henry Johnson who resides in the first floor apartment known as 57 Alice Street and who presently is record owner of 57-59 Alice Street, the subject property. Johnson testified, in response to Miller's questions and with his assistance, that he bought the property in question from Miller on September 1, 1995.
In view of this transfer, perhaps a motion to cite in Johnson should be claimed for hearing and, unless some exigent circumstances requiring otherwise is presented to the court, a motion to discharge the receiver appointed on May 24, 1995 would not be out of order.
In accordance with the foregoing, motions numbered 131, 132, 133, 134, 135, 137 and the motion to appoint a receiver of rents for 59 Alice Street are denied.
West, J.