[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in a motorcycle accident in Danbury, Connecticut. The defendants, Arthur and Jean Freitas, filed a motion to dismiss based upon improper venue. General Statutes § 51-345 (a) provides in pertinent part: "[A]ll civil process shall be made returnable to a judicial district, as follows: . . . (3)If either or both the plaintiff or defendant are residents of this state, to the judicial district where either the plaintiff or defendant resides. . . ." As evidence by the writ of summons, both the plaintiff and the defendant are residents of Danbury, Connecticut. In addition, the accident allegedly occurred in Danbury. Nevertheless, the plaintiff commenced this action in the judicial district of Stamford. At short calendar, the plaintiff claimed that although he has a residence in Danbury, he also has a residence in Stamford, Connecticut and spends most of his time there. The plaintiff, however, failed to submit an opposing memorandum of law, and no evidence was submitted in support of these claims. CT Page 7470
Because the record indicates that all the parties are residents of Danbury, venue in Stamford is not the proper venue, but rather is the judicial district of Danbury. Dismissal, however, is not required. General Statutes § 51-351 provides: "No cause shall fail on the ground that it has been made returnable to an improper location." The statute evidences "the legislature's intention . . . to provide the remedy of transfer rather than dismissal in such a situation." Sprague v. Commissionon Human Riahts Opportunities, 3 Conn. App. 484, 486-87,489 A.2d 1260, cert. denied, 196 Conn. 804, 492 A.2d 1240 (1985). Furthermore, General Statutes § 51-347b and Practice Book § 212 authorize the transfer of any action by order of the court on its own motion or the motion of any party. Therefore, the present action is ordered transferred to the judicial district of Danbury pursuant to General Statutes § 51-347b
and Practice Book § 212.
D'ANDREA, J.