[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought by maternal grandparents seeking visitation rights with their grandchildren.
The grandparents' daughter died in 1995. Thereafter. the defendant remarried and he and his present wife live together with the minor children. While the plaintiffs have visitation privileges, they seek to have this Court expand their visitation rights.
The defendant has filed a Motion to Dismiss claiming that the plaintiffs have not demonstrated a disruption of the family sufficient to justify state intervention. The defendant relies upon Castagno v. Wholean, 239 Conn. 336 (1996).
This Court's authority to grant visitation to the plaintiffs CT Page 5641 flows from General Statutes § 46b-59.[1]
In Castagno v. Wholean, supra at page 337-338 the Court held:
 "We conclude that although § 46b-59 lacks specific language imposing any threshold requirement, established rules of construction, the context of the statute and its legislative history support the incorporation of a requirement that the plaintiffs must demonstrate disruption of the family sufficient to justify state intervention."
Accordingly, this Court would lack subject matter jurisdiction to entertain the petition of the grandparents for visitation rights with their minor grandchildren unless they demonstrate a sufficient disruption of the family to justify state intervention.
The court in Castagno, supra p. 352, articulated this threshold requirement as follows:
 "Our application of the rules of statutory construction and our examination of the legislative record lead us to conclude that the legislature intended § 46b-59 to afford the trial court jurisdiction to entertain a petition for visitation only when the minor child's family life has been disrupted in a manner analogous to the situations addressed by §§ 46b-56 and 46b-57".
However, the Court in Castagno, supra p. 352, declined to articulate all the situations which might satisfy this test:
 "We need not state precisely which circumstances will suffice to invoke the trial court's jurisdiction under § 46b-59."
Nevertheless, the Court in Castagno, supra p. 352, provided the following guidance:
 "Although the death of a parent or the de facto separation of the parents may allow an action, there may be other times when an action is also warranted . . .".
Thus, it is clear that the death of a parent, as is the case here, may satisfy the test provided the party seeking the CT Page 5642 visitation rights set forth, in the pleadings, with specificity the factual basis for the petition before the court can determine whether such threshold conditions have been met. The petitioners have provided sufficient allegations to meet these requirements in that they allege the death of the parent, a close relationship with the grandchildren and the claim that the grandchildren have lived for extended periods of time in their home.
Accordingly, the Motion to Dismiss is denied. The Motion to Refer to Family Relations is granted. The Motion to Appoint Counsel for the Minor Children is granted and Attorney Sandra Lax is appointed counsel for the minor children. The Motion to Transfer is denied.
FRANKEL, J.