[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Mary B. McClure ("Plaintiff") commenced the above-entitled action, returnable December 1, 1998, against Defendant Rhonda Perkins ("Defendant") wherein she, as the paternal
grandmother, seeks visitation rights with her granddaughter (the Defendant's daughter). The parental rights of the biological father (Plaintiff's son) were terminated on July 14, 1995, based upon his failure to support the child, his significant drug problems and his involvement with the criminal justice system. The Plaintiff was aware of the court proceedings which resulted in the termination of her son's parental rights and, indeed, she supported him in the defense of that action. Since that time, the Defendant and minor child have lived together and moved on with their lives.
The Defendant has since filed a motion seeking the dismissal of the action. Relying upon Castagno v. Wholean, 239 Conn. 336
(1996), she claims that this Court lacks jurisdiction over this matter. The parties have submitted the issue to the Court on their respective memoranda of law.
There are three principal statutes which govern the right of parties to seek custody or visitation with a minor child. Two of those statutes, Connecticut General Statutes ("C.G.S.") §§46b-56 and 46b-57, depend upon the existence of a pending controversy. There was no pending controversy regarding the custody of or visitation with the minor child at the time plaintiff commenced this action and, therefore, the two statutes are inapplicable. The third statute, however, does not require the existence of a pending controversy in order for the Court to grant visitation rights to a third party. That statute, C.G.S. § 46b-59, reads in pertinent part: "The Superior Court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person." CT Page 9785
In Castagno, the Court recognized that a statute permitting court-ordered visitation with a child in the absence of any further threshold requirement would abrogate a right to family autonomy and privacy acknowledged in the common law and wearing the cloak of constitutional protection. Castagno, at 344. Consequently, the Court construed § 46b-59 to afford the trial court jurisdiction to entertain a petition for visitation only when the minor child's family life has been disrupted in a manner analogous to the situations addressed by §§ 46b-56 and46b-57. Castagno, at 352. Although the Court declined to identify all circumstances under which a family may be found not to be intact, the Court's decision certainly contemplates such a finding in the event of the death of a parent, the de facto separation of the parents or some other intrusion by the courts or the State into the privacy of the child's family.
In this case, the Plaintiff can demonstrate that (i) there has been some intrusion by the courts or the State into the privacy of the child's family (in the form of the termination proceedings), and (ii) there has been a disintegration of the traditional family unit as a result of the termination of the father's parental rights. Those events, however, occurred four years ago at a time when the child was two years of age. She is presently six. Whatever intrusion may have been made by the courts or the State into the family unit as it existed at that time, the fact is that a new family unit, consisting of the Defendant and the child, has long since emerged and existed for the past four years. Irrespective of whatever claim the Plaintiff might have made had she acted in a more timely fashion[1], the new family unit that presently exists and has existed over this lengthy period of time is deserving of the same protections envisioned by Castagno. The Court recognizes that this new family unit may not have the appearance of the traditional nuclear family with two parents living at home with their children. The concept of the traditional nuclear family, however, has undergone considerable change in recent years.[2] As Judge Bishop so aptly stated in the unreported case of Tran v. Hamley (Judicial District of Hartford/New Britain at Hartford, Docket No. FA 97 0715767):
"A parent striving to raise a child on her own without the daily involvement of the child's other parent is no less entitled to be left alone without government intrusion than is the traditional nuclear family." CT Page 9786
Tran v. Hamley, at p. 11.
The Defendant's motion to dismiss is granted.
Solomon, J.