[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a Memorandum of Decision as to a Motion to Dismiss a Visitation Complaint brought pursuant to Connecticut General Statute § 46b-59. The plaintiffs, the paternal grandparents, seek visitation rights with their grandson, Robby, who was born on November 04, 1993. The defendants are the parents of the minor child. The defendant father has appeared in this action. The defendant mother has filed the instant motion seeking to dismiss the action.
The pertinent facts alleged in support of the motion to dismiss are as follows. The defendants, the biological parents of the child, began a relationship in 1991. They lived together off and on but were never married. The defendant father was incarcerated for a significant amount of time during their relationship. On November 4, 1993, the child was born. At the time of the child's birth the defendant father was incarcerated. In 1994, after the defendant father was released from prison, the mother and father lived together for approximately one month. That was the only time the mother, father and child lived together. The defendant father is currently incarcerated, with an anticipated release date of 2007. There is no indication that the defendant father has acknowledged the paternity of the child, or that he has supported the child. There is no denial by the mother as to the issue of paternity. The child's contact with the plaintiffs took place primarily in 1995. The defendant mother reports that there were approximately four visits which took place over some four weeks. There has been no significant contact since that time. Other than those sporadic visits, there is no history of a relationship between the plaintiffs and the minor child, nor is there any present relationship between the plaintiffs and the minor child.
The defendant mother's past "contact" with the courts has been an application for relief from abuse against the defendant father (Docket No. 367270), which was granted by the court and also extended to their son Robby, on November 4, 1994. In August of 1995, the defendant mother petitioned the East Haven Probate Court to change Robby's surname to hers, Gabucci. The name change petition indicates the father's address as unknown, and service was made by publication. The defendant mother's affidavit and memorandum state there was notice and that the petition was granted without objection.
The defendant mother has since remarried and resides with her son, who is now six years old, and her husband. They have lived CT Page 3779 together for approximately two years.
The defendant moves to dismiss this action on the ground that the court lacks subject matter jurisdiction, relying uponCastagno v. Wholean, 239 Conn. 336, 684 A.2d 1181 (1996). The plaintiffs object to the motion to dismiss on the grounds that this family is not intact and therefore the court has subject matter jurisdiction.
A motion to dismiss "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff."Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light.Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
In Castagno v. Wholean, supra, our Supreme Court addressed the issue of "whether, pursuant to General Statutes § 46b-59, the trial court had subject matter jurisdiction to entertain a petition by grandparents for visitation rights with their minor grandchildren when the grandchildren and their parents were not involved in any case or controversy currently before the court and there was no claim that the family unit was no longer intact." Id., 337. The court concluded that "although § 46b-59
lacks specific language imposing any threshold requirement, established rules of statutory construction, the context of the statute and its legislative history support the incorporation of a requirement that the plaintiffs must demonstrate disruption of the family sufficient to justify state intervention." Id., 337-38.
The threshold requirement that a showing of "a disruption of the family sufficient to justify state intervention" be made, has been satisfied in several ways. Those include a prior petition to the court for custody, Matthews v. Thomasen, No. 0478796 J.D. of Hartford at New Britain (1977) (Keller, J.),20 Conn.L.Rptr. 357; a neglect proceeding, Crockett v. Pastore, No. 0413926 J.D. of New Haven (1999) (Munro, J.), 23 Conn.L.Rptr. 138; and the showing of a close relationship between the petitioning party and the child, Paraskevas v. Tunick, No. 72398 J.D. of Litchfield (1997) (Dranginis, J.), 19 Conn.L.Rptr. 39, Antonucci v.Frances-Cameron, No. 042047 J.D. of New Haven (1999) (Axelrod, J.) 24 Conn.L.Rptr. 237, and Laspina-Williams v.Laspina-Williams, No. 0428862 J.D. of New Haven (1999) (McLachlan, J.). CT Page 3780
This court finds that the defendant's prior application for Relief From Abuse is not sufficient to satisfy the threshold requirement indicated by the Supreme Court's holding in Castagnov. Wholean, supra. Neither is the separation of the parties which is significantly remote in time. See McClure v. Perkins, No. 0548540 J.D. of New London (1999) (Solomon, J.),25 Conn. L. Rptr. 166. And the court is unwilling to find that a "non-traditional" family is subject to a different standard than a traditional family unit, under these circumstances. TheCastagno decision does not compel this court to equate "intact" with "traditional" in this case. Therefore, this court lacks the requisite subject matter jurisdiction.
The defendant's motion to dismiss is granted.
Robaina, J.