IRIS LASKY ET AL. *v.* SUSAN PIVNICK ET AL.

Superior Court    Judicial District of    File No. FA000372895S
Fairfield at Bridgeport

Memorandum filed May 25, 2000

*Carron & Fink,* for the plaintiffs.

*Barbara J. Ruhe,* for the defendants.

I

## INTRODUCTION

CUTSUMPAS, J. On July 23, 1996, Randi Lasky, wife of Mitchell Lasky and mother of two minor children, died. On December 9, 1999, the defendants, Susan Pivnick and Barry Pivnick, the children's maternal grandparents, were awarded visitation with the children.[1] Soon thereafter, Mitchell Lasky's current wife, Iris Lasky, adopted the children on December 22, 1999.

On March 15, 2000, the plaintiffs, Iris Lasky and Mitchell Lasky, filed a "Petition for Termination of Visitation Rights by Former Grandparents," in which they sought termination of the defendants' visitation rights. In response, the defendants filed a motion to dismiss based on improper venue on April 13, 2000.

The plaintiffs also argue that the court does not have jurisdiction under *Castagno* v. *Wholean,* 239 Conn. 336, 684 A.2d 1181 (1996), to interfere with their visitation decisions because the family is now intact and any disruption of the family unit ended when the children were adopted. In response, the defendants argue that "[a] family where one parent has died cannot become 're-intact' for the purposes of [General Statutes § 46b-59 and *Castagno* v. *Wholean,* supra, 336]."

---

[1] See *Pivnick* v. *Lasky,* Superior Court, judicial district of Hartford, Docket No. FA990720419S (December 9, 1999).

## II

## ISSUES

The first issue raised by the present case is: Should the defendants' motion to dismiss based on improper venue be granted?

The second issue raised is: For the purpose of third party visitation of children, does a family once disrupted by the death of one parent, become an intact family after the surviving parent remarries and the new spouse adopts the children?

## III

## DISCUSSION

"The motion to dismiss shall be used to assert . . . improper venue." Practice Book § 25-13 (a) (3). "Venue . . . concerns only the place where the case may be tried, and venue requirements are created for the convenience of the parties." *Haigh* v. *Haigh*, 50 Conn. App. 456, 465, 717 A.2d 837 (1998). "[V]enue is a matter that goes to process rather than substantive rights." (Internal quotation marks omitted.) Id., 466.

As stated previously, the plaintiffs commenced this action by filing a "Petition for Termination of Visitation Rights by Former Grandparents." Just because the plaintiffs labeled this pleading a "petition" does not necessarily make it so. Rather, the substance of the claim asserted dictates what type of pleading has been filed. See *Whalen* v. *Ives*, 37 Conn. App. 7, 16, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995) ("we look to the substance of the claim rather than the form"). Here, the "petition" is clearly a motion to modify the order which previously granted visitation rights to the defendants. Even if the plaintiffs are only asking for termination of the defendants' visitation rights and not a modification of such rights, this would still be a

modification as *any* change to the original order will necessarily modify the order. The proper vehicle to modify an order concerning visitation is by way of a motion to modify visitation, not a petition for termination of visitation rights. Thus, the court will treat the plaintiffs' petition as a motion to modify visitation.

Although there is no statute, Practice Book section or case expressly stating that a motion to modify visitation must be filed in the same court in which the original visitation action was decided, common sense mandates such a result. A motion to modify the original order is not a new action; rather, it is a subsequent proceeding regarding the original order or a continuation of the original action in which visitation was granted. As such, any subsequent motions affecting the original visitation order should be filed in the same court where the original visitation action was decided.

The plaintiffs argue that venue is proper because § 46b-59 "permits any court to modify orders issued pursuant to § 46b-59 in an action for declaration of parents' rights." Section 46b-59, however, does not mention or address venue. Rather, it merely expresses that a previous grant of visitation rights does not prohibit a court from later determining custody, parental rights, adoption or visitation issues concerning the same child. Section 46b-59 provides in pertinent part that "[t]he grant of . . . visitation rights shall not prevent any court of competent jurisdiction from thereafter acting upon the custody of such child, the parental rights with respect to such child or the adoption of such child and any such court may include in its decree an order terminating such visitation rights." As such, the plaintiffs' argument is without merit.

The judicial district of Fairfield at Bridgeport, therefore, is an improper venue and the proper venue is the judicial district of Hartford.

Although venue is improper, the motion to dismiss should be denied. General Statutes § 51-351 provides that "[n]o cause shall fail on the ground that it has been made returnable to an improper location." By enacting § 51-351, "the legislature intended to authorize the transfer of cases"; (internal quotation marks omitted) *Sprague* v. *Commission on Human Rights & Opportunities*, 3 Conn. App. 484, 486, 489 A.2d 1064 (1985); and "to provide the remedy of transfer rather than dismissal . . . ." Id., 487; *Cassella* v. *Freitas*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV970158041S (July 24, 1997) (*D'Andrea, J.*). "Therefore, improper venue would only be grounds to transfer the matter, and not grounds for a motion to dismiss." (Internal quotation marks omitted.) *Espowood* v. *Bristol*, Superior Court, judicial district of New Haven, Docket No. CV960385989S (August 6, 1996) (*Zoarski, S.T.R.*) (17 Conn. L. Rptr. 298, 300).

Pursuant to General Statutes § 51-347b (a) and Practice Book § 12-1, the court has the authority, upon its own motion, to order the transfer of any action to a Superior Court location in another judicial district. See *Richardello* v. *Butka*, 45 Conn. Sup. 336, 340 n.2, 717 A.2d 298 (1997). As such, the court will transfer this matter to the judicial district of Hartford.

With respect to the second issue, in *Castagno*, our Supreme Court held that grandparents or any third party seeking visitation rights under § 46b-59 "must demonstrate disruption of the family sufficient to justify state intervention." *Castagno* v. *Wholean*, supra, 239 Conn. 338. If there is no such disruption, then the court does not have subject matter jurisdiction to decide the issue of visitation. Id. The court noted that sufficient disruption may be found upon the allegation of "the death of a parent or the de facto separation of the parents . . . ." Id., 352. It should be noted that the issue of

whether previously granted visitation rights terminate upon the family becoming intact again after the disruption has ended was not raised in *Castagno* and is one of apparent first impression.

Only one similar case was found which held that a previously disrupted family had once again become intact. See *McClure* v. *Perkins*, Superior Court, judicial district of New London, Docket No. 0548540 (July 28, 1999) (*Solomon, J.*) (25 Conn. L. Rptr. 166). In *McClure*, the court found that, although the paternal grandmother established a sufficient disruption of the family unit given the termination of the father's parental rights, she did not have standing to seek visitation rights given that a newly intact family had emerged and existed for four years prior to her petition. Id. In doing so, the court noted that "it was incumbent upon the [grandmother to assert timely] whatever rights she may have had at the time they were allegedly abridged." Id., 167 n.1. *McClure*, however, is distinguishable from the present case as it did not involve a challenge to the continuation of previously granted visitation rights. Additionally, the defendants' assertion of their rights to visitation in the present case was timely as they sought and were awarded such rights after their daughter's death but before the children were adopted. Thus, there was no emergence and prolonged existence of a newly intact family prior to the defendants' petition for visitation rights.

Another similar case is *Guimento* v. *Popp*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. FA990361272 (May 27, 1999) (*Frankel, J.*) (24 Conn. L. Rptr. 600), which involved maternal grandparents who sought and were granted visitation rights upon the death of their daughter. In response to the grandparents' effort to expand their visitation rights, the father filed a motion to dismiss based on *Castagno*, "claiming that the [grandparents] have not demonstrated a disruption

of the family sufficient to justify state intervention." Id. The court denied the motion to dismiss as it found that the grandparents "provided sufficient allegations to meet [the *Castagno*] requirements in that they allege the death of the parent, a close relationship with the grandchildren and the claim that the grandchildren have lived for extended periods of time in their home." Id. As such, the disruption of the family unit that established standing for the initial grant of visitation rights to the grandparents was sufficient to establish standing for the continuation of such rights.

In the present case, the defendants already established a sufficient disruption in the family unit—the death of their daughter—and were granted visitation rights with their grandchildren. Although the children have since been adopted by their stepmother, the original family unit has been permanently disrupted by the biological mother's death and this disruption obviously continues to the present day. The creation of a "new intact family unit" via marriage and adoption, does not vitiate the rights of third parties who may have acquired rights as a result of the disruption of the "old intact family unit." Once acquired through proper legal process, third party rights are not automatically extinguished because of a change in status such as adoption. The defendants, therefore, have standing in regard to the continuation of their previously granted visitation rights with their grandchildren. Whether those visitation rights should be modified because of a change in circumstances, is for the Superior Court in Hartford to determine.

## IV

## CONCLUSION

Based on the foregoing, the defendants' motion to dismiss based on improper venue is denied and the plaintiffs' standing to seek visitation rights is affirmed.

Further, this matter is transferred to the judicial district of Hartford for disposition on the merits.