[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CHANGE OF VENUE
The plaintiffs have moved for a change of venue from this judicial district to the Fairfield Judicial District. A brief procedural history is relevant to the motion.
The plaintiffs brought an action styled "Petition for Termination of Visitation Rights of Former Grandparents" against the defendants in the Judicial District of Fairfield at Bridgeport in March, 2000. That action was docketed as FA 00-0372895. The defendant grandparents had previously brought an action in this judicial district seeking visitation of the children of Mr. Lasky and their late daughter, Randi Lasky. Mr. Lasky appeared in that action and entered into a stipulated judgment permitting the grandparents to have visitation with the children. A few weeks after that judgment was approved and ordered by this court, Mr. Lasky's new wife, the co-plaintiff here, adopted the children in a proceeding in the Norwalk Probate Court. CT Page 13467
The defendant grandparents filed a motion to dismiss the action commenced in the Judicial District of Fairfield at Bridgeport, asserting directly that venue was improper there and by implication that the case previously brought by the grandparents was a prior pending action the judgment of which the Lasky's were simply seeking to modify. The court (Cutsumpas, J.) denied the motion to dismiss but ordered the case filed in Bridgeport to be transferred to this court. Lasky v. Pivnick,46 Conn. Sup. 539 (2000). Judge Cutsumpas specifically found that the Judicial District of Fairfield at Bridgeport was an improper venue. Upon receipt of the file, this court ordered the files consolidated and appointed a guardian ad litem for the minor children.
The court held an evidentiary hearing on the plaintiffs' motion to change venue. The plaintiffs and the children reside in Norwalk. They intend to call witnesses who live or work in Fairfield County or Westchester County. The guardian ad litem appointed by this court works in Danbury; in fact, this court limited its search for a guardian to Fairfield County lawyers so that contact between the guardian, the children, and the plaintiffs would be more convenient for them.
On the other hand, the grandparents live in Hartford County and the family relations officer who did the initial custody study works from Hartford. The designation of a new family relations officer assigned to Fairfield County to conduct any further study could delay an already extended proceeding for months.
"Venue . . . concerns only the place where the case may be tried and venue requirements are for the convenience of the parties." Haigh v.Haigh, 50 Conn. App. 456, 465 (1998) (emphasis added). In this case, venue is permissible in either judicial district. Connecticut General Statutes, Section 51-345(a)(3). While the convenience of the parties is of central importance, the court can also take the convenience of witnesses into consideration when deciding whether to grant a motion to transfer venue based on forum inconveniens. However, when the witnesses are family members of a particular party, the court is not required to consider their convenience. See, 77 Am.Jur.2d Venue, Sections 68-70. In addition, the court must consider the convenience of witnesses for both sides.
Based upon a review of the relevant law and a balancing of the justly asserted claims of both parties, the motion to transfer venue is denied.
The case is ordered referred to the previously involved family relations officer for an updated study. Whenever that officer needs to see the children, he shall do so in their home in Norwalk, except if he also wishes to see them in the defendants' presence, which he can in his CT Page 13468 discretion do in the defendants' respective homes. The case will proceed to trial at the earliest date possible for the court in 2001.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.