[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (MOTION NO. 102
The plaintiff, Ramona Prokoski, an employee of the defendant state of Connecticut department of mental retardation, filed a two count complaint on August 24, 2002, in the judicial district of Fairfield at Bridgeport, seeking damages for, inter alia, lost wages and fringe benefits for a period of time when the defendant refused to permit the plaintiff to return to work. Count one alleges violations of General Statutes §§ 46a-58a[1], 46a-58 (a); 46a-60 (1), (4) (Human Rights and Opportunities); and 42 U.S.C. § 1210 et seq. (Americans with Disability Act). Count two alleges a violation of General Statutes §31-290a (Workers' Compensation Act).
On October 4, 2001, the defendant filed a motion to dismiss the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction, which motion was argued before this court on May 5, 2002. At oral argument, the parties agreed that the plaintiff's claim under the Americans with Disability Act may not be maintained against the state. Pursuant to Practice Book § 10-60, which states in pertinent part that "a party may amend his or her pleadings . . . (1) By order of judicial authority, "the plaintiff is hereby ordered to amend the first count of her complaint to delete paragraph ten and that portion of paragraph thirteen alleging a violation of the Americans with Disabilities Act, 42 U.S.C. § 1201 et seq.
The remaining issue to be addressed is venue. The defendant argues that this court must dismiss this action because of improper venue. "Venue [however] is not a jurisdictional question but a procedural one. . . . Accordingly, it may be waived by the parties. . . ." (Citations omitted; internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256,263, 571 A.2d 696 (1990). Although the defendant moves to dismiss the plaintiff's action on the ground that the court lacks subject matter jurisdiction, the memorandum of law in support of its motion timely raises the issue of improper venue, and this court will thus consider whether the Judicial District of Fairfield is the proper venue for this action.
The defendant argues that because the plaintiff is a resident of Milford, this action could have been made returnable to either the Ansonia-Milford or the New Haven judicial districts pursuant to General Statutes § 51-345 (a)(3)(C) and that "[t]he complaint contains no allegation that suggests that the judicial district of Fairfield at Bridgeport is the proper venue for this action." This argument appears to be directed to the claims alleged in count one, for the defendant argues that Hartford, the judicial district where the defendant has its principal place of business, is the proper venue for the claim brought pursuant to General Statutes § 31-290a in the second count. CT Page 9203
The plaintiff argues in opposition to the defendant's motion to dismiss that she is employed in the defendant's Region 4 office, which is located in Bridgeport. She therefore argues that the judicial district of Fairfield is a proper venue for this action pursuant to General Statutes § 46a-100, for that is the district where the discriminatory practice is alleged to have occurred and the district in which she was authorized to commence a civil action by the release of jurisdiction issued by the Connecticut commission on human rights and opportunities (Plaintiff's Exhibit A). The plaintiff raises no argument in opposition to the charge of improper venue for count two, the claim brought pursuant to §31-290a, the Workers' Compensation Act. General Statutes § 46-100 provides in pertinent part that "[a]ny person who has timely filed a complaint with the Commission on Human Rights and Opportunities . . . alleging a violation of section 46a-60 and who has obtained a release from the commissioner . . . may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business, except any action involving a state agency or official may be brought in the superior court for the judicial district of Hartford." The plaintiff's Exhibit A is a copy of the release from the commissioner of human rights and opportunities authorizing her to bring suit in either Fairfield, the judicial district in which she alleges the discriminatory practice occurred, or Hartford, if the action involves a state agency. Venue in the judicial district of Fairfield at Bridgeport for the claims alleged in count one is therefore proper.
Proper venue for count two of the plaintiff's complaint, which asserts a claim under the Workers' Compensation Act, is directed by subsection (b) of General Statutes § 33-290a, which states in pertinent part, "[a]ny employee who is . . . discriminated against may . . . (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office . . . The plaintiff has offered no opposition to the defendant's assertion that it is a state agency with its principal place of business at 460 Capitol Avenue, Hartford, Connecticut. Proper venue for the claim in count two, therefore, is the judicial district of Hartford.
Although the defendant moves to dismiss the plaintiff's action for improper venue, General Statutes § 51-351 provides that "[n]o cause shall fail on the ground that it has been made returnable to an improper location." Moreover, the Appellate Court found error in a trial court's granting of a motion to dismiss on the ground of improper venue, "because the legislature's intention in enacting § 51-351 was to provide the remedy of transfer rather than dismissal. . . ." Sprague v. Commission onHuman Rights Opportunities, 3 Conn. App. 484, 487, 489 A.2d 1064, CT Page 9204 cert. denied, 196 Conn. 804, 492 A.2d 1240 (1985).
Venue for the plaintiff's claims in count one is proper in either Fairfield or Hartford; venue for the claim in count two is proper only in Hartford. Accordingly, the court denies the defendant's motion to dismiss on the ground of improper venue, orders the plaintiff to amend her complaint to delete allegations of a violation of the Americans with Disabilities Act, and pursuant to General Statutes § 51-347b (a)[2]
and Practice Book § 12-1[3], orders the transfer of this case to the judicial district of Hartford.
THIM, J.